James Alan Bush
1745 De Marietta Avenue #3
San Jose, CA 95126
(408) 982-3272

Plaintiff in pro per

FILED
2008 APR 28 A 9 29
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| James Alan Bush, | ) Case No.: C 08-01354 (RS) JF |
|---|---|
| Plaintiff, | ) |
| v. | ) MOTION FOR INJUNCTIVE AND MONETARY ) RELIEF AGAINST DEFENDANT MIKE ) DOE 1 ON PETITION AND OTHER PAPERS |
| United States Attorney General, et al., | ) WITHOUT EVIDENTIARY HEARING OR ) ORAL ARGUMENT |
| Defendants. | ) |
| | ) Judge Jeremy Fogel |

Plaintiff, James Alan Bush, and petitioner in the above-titled cause, moves the court, in connection with the complaint filed on March 10th, 2008, in this matter, to consider the petitioner's request for mandatory injunctive relief and the award of damages based on the memoranda, affidavit, and exhibits of the petitioner without evidentiary hearing, and without oral argument, unless such is desired by the court. Petitioner respectfully urges the court to set a date for respondent to file his answer. The court is urged to set a further date later for respondent to file his affidavits and memorandum, with a subsequent date for petitioner to file, if necessary, a reply memorandum.

In support of this motion, petitioner submits the following:

1. The matters involved are subject to prompt consideration by the court.
2. The court must only satisfy itself that the petitioner has reasonable cause to believe that the property he lawfully possesses has been unlawfully converted for the use of the respondent.

**PRELIMINARY STATEMENT**

This is a petition by Plaintiff, James Alan Bush, against, Defendant, Mike DOE 1, for conversion of property, and seeks to recover damages, pursuant to Civ. Code §§ 3336-3338, and to recover the reasonable value of the property converted, pursuant to Civ. Code § 3336; or, in the alternative, to recover the property itself, pursuant to Civ. Code § 3379; Code Civ. Proc. §§ 511.010-516.050 (claim and delivery).

1   Defendant Mike DOE 1 is required to return wrongfully acquired
2   property, even in the absence of any demand made by the owner for the
3   return of wrongfully acquired property, pursuant to Civ. Code §§ 1712
4   and 1713.

## MOTION FOR INJUNCTIVE AND MONETARY RELIEF

Plaintiff complains and for this cause of action for conversion of property alleges as follows:

1. Plaintiff was a resident of the City of San Jose, County of Santa Clara, State of California, residing at 1745 De Marietta Avenue Apartment #3.

2. Defendant, Mike DOE 1, now is, and at all times relevant to this action was, a resident of the City of Sunnyvale, County of Santa Clara, State of California, residing at 204 East Weddell Drive.

3. Plaintiff is ignorant of the true name of the defendant sued herein as Mike DOE 1, and therefore sues this defendant by such a fictitious name. Plaintiff will amend this complaint to allege his true name when ascertained.

4. At all times herein mentioned, and in particular on or about November 15th, 2007, Plaintiff was, and still is, entitled to the possession of the following personal property, namely:

   - Apple MacBook Pro

     A copy of the purchase receipt is attached hereto as Exhibit "A" and made a part hereof.

   - Brenthaven Laptop Case

   - U.S. Passport

- DVDs, containing electronic data

5. On or about November 15th, 2007, and at Sunnyvale, California, the above-mentioned property had a value of $3,500.

6. On or about November 15th, 2007, Defendant Mike DOE 1 took the above-mentioned property from Plaintiff's possession and converted the same to his own use.

7. On or about November 17th, 2007, Plaintiff demanded the immediate return of the above-mentioned property; but, Defendant Mike DOE 1 failed and refused, and continues to fail and refuse, to return the property to Plaintiff.

8. Between the time of Defendant's conversion of the above-mentioned property to his own use and the filing of this action, Plaintiff expended the following time and money in pursuit of the converted property, all to Plaintiff's further damage in the sum of $1,500.

9. Defendant's act of failing to return personal property of Plaintiff is an act of willful interference with that property, done without lawful justification, by which Plaintiff, the person entitled to the property, is deprived of its use and possession, and constitutes an act of conversion.

10. The aforementioned act of the defendant was willful, wanton, malicious, and oppressive, was undertaken with the intent to deprive Plaintiff of property in which he lawfully possesses, and justify the awarding of exemplary and punitive damages in the amount of $5,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against the Defendant, as follows:

- An injunction ordering the return of the property described herein, pursuant to Civ. Code § 3379 and Code Civ. Proc. §§ 511.010-516.050;
- For the value of the property converted in the sum of $3,500;
- For interest at the legal rate on the foregoing sum pursuant to Civ. Code § 3336, from and after November 17th, 2007;
- For damages for time and money properly expended in pursuit of the converted property in the sum of $1,500;
- For punitive and exemplary damages in the sum of $5,000; and,
- For such other and further relief as the court may deem proper, including damages for the proximate and foreseeable loss resulting from Defendant's conversion.

**VERIFICATION**

I, James Alan Bush, Plaintiff in the above-entitled action, have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief; and, as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Jose, California.

Petitioner: _____    Dated: 4-25-08

**PROPOSED ORDER GRANTING INJUNCTION**

The motion of plaintiff, James Alan Bush, for injunctive relief and the award of damages was heard before the undersigned judge on **[date]**, pursuant to a duly noticed motion filed by the plaintiff on April 25th, 2008. The court having considered the documentary evidence introduced by the plaintiff, and it appearing to this court that great or irreparable injury will be suffered unless such an order be issued.

IT IS ORDERED that Defendant Mike DOE 1 do the following:

- Return the property described herein, pursuant to Civ. Code § 3379 and Code Civ. Proc. §§ 511.010-516.050; or,
- Pay to the plaintiff the value of the property converted in the sum of $3,500; and,
- Pay to the plaintiff for interest at the legal rate on the foregoing sum pursuant to Civ. Code § 3336, from and after November 17th, 2007;
- Pay to the plaintiff for damages for time and money properly expended in pursuit of the converted property in the sum of $1,500; and,
- Pay to the plaintiff for punitive and exemplary damages in the sum of $5,000.

Judge: _____    Dated: _____

Clerk: _____

```
 1  James Alan Bush
    1745 De Marietta Avenue #3
 2  San Jose, CA 95126
    (408) 982-3272
 3
    Plaintiff in pro per
 4

 5

 6

 7

 8                    UNITED STATES DISTRICT COURT

 9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12

13  James Alan Bush,              )  Case No.:  C 08-01354 (RS) JF
                                   )
14                  Plaintiff,     )
                                   )  PETITIONER'S MEMORANDUM OF POINTS
15      v.                         )  AND AUTHORITIES IN SUPPORT OF
                                   )  MOTION FOR INJUNCTIVE AND MONETARY
16  United States Attorney General,)  RELIEF AGAINST DEFENDANT MIKE
    et al.,                        )  DOE 1
17                                 )
                    Defendants.    )
18  _____  )  Judge Jeremy Fogel

19

20

21

22

23

24

25

26
```

| | |
|---|---|
| 1 | **RELEVANT STATUTORY SCHEME** |
| 2 | Conversion of property is governed under California law as follows: |
| 3 | • Civ. Code §§ 3336-3338 governs damages recoverable for conversion of |
| 4 |   property. |
| 5 | • Code Civ. Proc. § 338(c) governs the time period in which action for |
| 6 |   conversion must be brought. |
| 7 | • Civ. Code §§ 1712 and 1713 set forth the requirement that a person |
| 8 |   return wrongfully acquired property and provide that the owner need |
| 9 |   not make any demand for the return of wrongfully acquired property |
| 10 |  in order to bring an action for conversion. |
| 11 | • Civ. Code § 3379 and Code Civ. Proc. §§ 511.010-516.050 entitles |
| 12 |   Plaintiff to bring an action for claim and delivery to recover the |
| 13 |   property itself. |
| 14 | |
| 15 | **CASE LAW** |
| 16 | 1. DEFENDANT'S ACT OF FAILING TO RETURN PERSONAL PROPERTY OF PLAINTIFF |
| 17 |    IS AN ACT OF WILLFUL INTERFERENCE WITH THAT PROPERTY, DONE WITHOUT |
| 18 |    LAWFUL JUSTIFICATION, BY WHICH PLAINTIFF, THE PERSON ENTITLED TO THE |
| 19 |    PROPERTY, IS DEPRIVED OF ITS USE AND POSSESSION, AND CONSTITUTES AN |
| 20 |    ACT OF CONVERSION. |
| 21 |    A. **Conversion Defined.** Conversion is any act of willful interference |
| 22 |       with the personal property of another, or any act of dominion |
| 23 |       exerted over another's personal property, done without legal |
| 24 |       justification, depriving that person entitled to the property |
| 25 |       of its use and possession (see de Vries v. Brumback (1960) 53 |
| 26 |       Cal. 2d 643, 647, 2 Cal. Rptr. 764, 349, P.2d 532; Weiss v. Marcus |

1  (1975) 51 Cal. App. 3d 590, 599, 124 Cal. Rptr. 297).

B. **Necessary Allegations.** In order to state a cause of action for conversion, the plaintiff must allege first, his or her ownership or right to possession of tangible property at the time of the conversion; second, the defendant's conversion of the property; and, third, damages (Franklin v. Municipal Court (1972) 26 Cal. App. 3d 884, 902, 103 Cal. Rptr. 354).

C. **General Allegations of Wrongful Conversion Sufficient.** A general allegation that defendant converted property to his or her own use is sufficient to state a good cause of action in the absence of a demurrer for uncertainty (see Haigler v. Donnelly (1941) 18 Cal. 2d 674, 681, 117 P.2d 331; Lowe v. Ozmun (1902) 137 Cal. 257, 260, 70 P. 87; Franklin v. Municipal Court (1972) 26 Cal. App. 3d 884, 902, 103 Cal. Rptr. 354).

2. PROPERTY CONVERTED BY DEFENDANT WAS THE PERSONAL PROPERTY OF PLAINTIFF CONSISTING OF ELECTRONIC EQUIPMENT VALUED AT $3,399 AND THEREFORE WAS PROPERTY SUBJECT TO CONVERSION.

A. **Personal Property, Tangible or Intangible, Can Be Subject to Conversion.** Every species of personal property, both tangible and intangible and capable of being identified, can be subject to conversion (Payne v. Elliot (1880) 54 Cal. 339, 340-342).

3. PLAINTIFF IS OWNER AND HAS RIGHT TO IMMEDIATE POSSESSION OF THE PROPERTY CONVERTED AND THEREFORE HAS SUFFICIENT INTEREST IN THE PROPERTY TO MAINTAIN AN ACTION FOR CONVERSION.

A. **Plaintiff Owned or Had Right to Immediate Possession of Property Converted.** In order to state a cause of action for conversion,

the plaintiff must allege his or her ownership or right to possession of the property in question at the time of the alleged conversion (Franklin v. Municipal Court (1972) 26 Cal. App. 3d 884, 902, 103 Cal. Rptr. 354).

B. **Plaintiff With Right to Immediate Possession Need Not Be in Actual Possession at Time of Conversion.** A plaintiff who has the right to immediate possession of the property at the time of the alleged conversion need not be in actual possession of the property at the time to maintain an action for conversion (see Franklin v. Municipal Court (1972) 26 Cal. App. 3d 884, 901-902, 103 Cal. Rptr. 354).

3. THE PROPER MEASURE OF DAMAGES IN AN ACTION FOR CONVERSION OF PERSONAL PROPERTY IS THE VALUE OF THE PROPERTY AT THE TIME OF THE CONVERSION, PLUS INTEREST FROM THE TIME OF CONVERSION, OR AN AMOUNT SUFFICIENT TO INDEMNIFY PLAINTIFF FOR THE NATURAL, REASONABLE, AND PROXIMATE RESULT OF THE WRONGFUL ACT COMPLAINED OF, AND WHICH A PROPER DEGREE OF PRUDENCE ON HIS OR HER PART WOULD NOT HAVE AVERTED.

A. **Measure of Damages for Conversion.** The detriment caused by the wrongful conversion of personal property is presumed to be the value of the property at the time of the conversion, plus interest from the time of conversion, or an amount sufficient to indemnify the party for the natural, reasonable, and proximate result of the wrongful act complained of, and which a proper degree of prudence on his or her part would not have averted (see Civ. Code § 3336).

   B. **Cost of Property as Proof of Value.** Cost of goods is a circumstance tending to show value, and that evidence may be taken into consideration, along with other circumstances, when determining the subsequent value of property converted in order to establish the loss sustained (Wade v. Markwell & Co. (1953) 118 Cal. App. 2d 410, 431-432, 258 P.2d 497).

   C. **Prejudgment Interest Available.** If the measure of damages is an amount sufficient to indemnify the party for the loss suffered, prejudgment interest may be awarded pursuant to the general prejudgment interest authority of Civ. Code § 3287(a) (Moreno v. Greenwood Auto Ctr. (2001) 91 Cal. App. 4th 201, 210-211, 110 Cal. Rptr. 2d 177).

4. PLAINTIFF IS ENTITLED TO AN AWARD OF EMOTIONAL DISTRESS DAMAGES ARISING OUT OF DEFENDANT'S CONVERSION OF PERSONAL PROPERTY.

   A. **Emotional Distress Damages Recoverable.** A plaintiff is entitled to recover emotional distress damages growing out of a defendant's conversion of his or her personal property (Gonzales v. Personal Storage, Inc. (1997) 56 Cal. App. 4th 464, 477, 65 Cal. Rptr. 2d 473).

**ARGUMENTS**

1. AN INJUNCTION AGAINST DEFENDANTS SHOULD ISSUE BECAUSE IT IS LIEKLY THAT PLAINTIFF WILL PREVAIL ON THE MERITS OF HIS CLAIM.

In order to qualify for an injunction, the plaintiff must demonstrate that he is likely to succeed on the merits of his lawsuit and that he is likely to suffer greater harm from a

1  failure to issue the injunction than the harm that would befall
2  the defendant if the injunction is issued [O'Connell v. Superior
3  Court (2006) 141 Cal. App. 4th 1452, 1467-1468, 47 Cal. Rptr. 3d 147;
4  Teamsters Local 856 v. Priceless, LLC (2003) 112 Cal. App. 4th 1500,
5  1509-1510, 5 Cal. Rptr. 3d 847; White v. Davis (2002) 98 Cal. App. 4th
6  969, 981, 121 Cal. Rptr. 2d 51].
7  Plaintiff is likely to succeed on the merits of his action because
8  the defendant's action clearly violates California Penal Code §
9  484(a). Moreover, it is inconceivable that the defendant could
10 articulate any legally justifiable excuse for her actions. Since
11 plaintiff will surely succeed on his claim of a violation of
12 California Penal Code § 484(a), he is likely to succeed on his Civ.
13 Code § 3336 cause of action.
14 2. AN INJUNCTION IS NECESSARY TO PREVENT CONTINUING AND IRREPARABLE
15    INJURY TO PLAINTIFF AND THE BALANCE OF HARDSHIPS FAVORS PLAINTIFF.
16 The continuing harm to the plaintiff, if an injunction does not
17 issue, is irreparable, in that he will continue to be deprived
18 of the use of his property. An injunction may be granted when it
19 appears by the verified petition and affidavits that the continuance
20 of some act during the litigation would produce irreparable injury
21 to a party in the action [Code Civ. Proc. § 526(a)(2)]. An order
22 granting an injunction is not fatally flawed because it contains
23 no explicit finding that the injunction is necessary to prevent
24 irreparable injury [Conover v. Hall (1974) 11 Cal. 3d 842, 850, 114
25 Cal. Rptr. 642, 523 P. 2d 682].
26 Under the "irreparable injury" standard, an injunction may issue

1 to prevent wrongs of repeated and continuing character ones that
2 cause damages estimable only by conjecture and not by any accurate
3 standard [Huong Que, Inc. v. Luu, 150 Cal. App. 4th 400, 417-418, 58
4 Cal. Rptr. 3d 527; People ex rel. Gow v. Mitchell Brothers' Santa Ana
5 Theater (1981) 118 Cal. App. 3d 863, 870-871, 173 Cal. Rptr. 476; Wind
6 v. Herbert (1960) 186 Cal. App. 2d 276, 285, 8 Cal. Rptr. 817].
7 By comparison, no harm will befall the defendant as a result of
8 the proposed injunction. Thus, the balance of any hardships to be
9 considered weighs substantially in favor of the plaintiff and the
10 issuance of an injunction.

11 3. AN INJUNCTION IS NECESSARY TO AVOID MULTIPLICITY OF SUITS.
12 An injunction will issue when necessary to prevent a multiplicity of
13 judicial proceedings [Code Civ. Proc. § 526(a)(6)]; particulary, in
14 cases in which many claims that have not been adjudicated have been
15 brought into equity to be the subject of a single trial and decree
16 [Verdier v. Verdier (1962) 203 Cal. App. 2d 724, 735, 22 Cal. Rptr.
17 93].

18
19                              **CONCLUSION**
20 For the reasons stated above, the motion of the plaintiff for a
21 mandatory injunction compelling the surrender of Plaintiff's property,
22 which he lawfully possess, against the defendant should be granted.
23
24 Petitioner: _____        Dated: 4-25-08
25
26

James Alan Bush
1745 De Marietta Avenue #3
San Jose, CA 95126
(408) 982-3272

Plaintiff in pro per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush, | Case No.: C 08-01354 (RS) JF |
| Plaintiff, | |
| v. | AFFIDAVIT IN SUPPORT OF MOTION FOR INJUNCTIVE AND MONETARY RELIEF AGAINST DEFENDANT MIKE DOE 1 |
| United States Attorney General, et al., | |
| Defendants. | Judge Jeremy Fogel |

# AFFIDAVIT

I, Long Thang Cao, being first duly sworn, deposes and declare as follows:

1. I make this declaration in support of motion for injunctive and monetary relief made by Plaintiff, James Alan Bush, against Defendant, Kathy Bickel.

2. The facts and allegations made in the aforementioned motion are a matter of my personal knowledge. I would be competent to testify to their truth if I were called as a witness.

Signed: _____     Dated: _____

---

## JURAT

State of California

County of _____

Subscribed and sworn to (or affirmed) before me on this ____ day of _____, 20___, by _____ personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

```
James Alan Bush
1745 De Marietta Avenue #3
San Jose, CA 95126
(408) 982-3272

Plaintiff in pro per
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush,<br><br>               Plaintiff,<br><br>  v.<br><br>United States Attorney General,<br>et al.,<br><br>              Defendants. | Case No.: C 08-01354 (RS) JF<br><br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S PETITION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANT MIKE DOE 1<br><br>Judge Jeremy Fogel |

Plaintiff hereby requests the Court take Judicial Notice pursuant to Federal Rule of Evidence 201 of the following exhibits:

1. Exhibit "A", Purchase Receipt for Apple MacBook Pro;

Signed: _____   Dated: 4-25-08

**EXHIBIT A**
Purchase Receipt for
Apple MacBook Pro

**FRY'S ELECTRONICS**
Store #9 - San Jose
550 East Brokaw Road
San Jose, CA 95112
PHONE: 408-487-1000
FAX: 408-487-1018

QUOTE #: 1805602
VERSION: 1586637
CUSTOMER #: 1586637
DATE: Wed Mar 07 10:48:15 2007
EXPIRATION DATE: Wed Mar 14 22:59:59 2007
PAGE: 1

## CUSTOMER QUOTATION

### CUSTOMER BILLING INFORMATION

### CUSTOMER SHIPPING INFORMATION

JAMES BUSH

CA 0
VOICE: (408) 252-9140
FAX:
Email:

| CUSTOMER ORDER NUMBER | ORDER DATE | RESALE INFORMATION | SRO NUMBER | BIN NUMBER | SALES ASSOCIATE(s) |
|---|---|---|---|---|---|
|  |  |  |  |  | 105864 Delgado, Michael J. |

| LINE | PRODUCT CODE | PKG | ITEM DESCRIPTION | Unit Price | Adjustments | Net Price | Quantity | Ext. Price |
|---|---|---|---|---|---|---|---|---|
| 1 | 5044195 |  | APPLE MACBOOKPRO 2.33 17<br>2.33 INTEL CORE2 DUO<br>2GBMEM,160HD,17" SCRN<br>MA611LL/A | 2,799.00 | 0.00 | 2,799.00 | 1 | 2,799.00 |

ITEM COUNT: 1

| | SUBTOTAL | SALES TAX | QUOTATION TOTAL | TERMS |
|---|---|---|---|---|
| QUOTATION TOTALS: | 2,799.00 | 230.92 | 3,029.92 | |

THANK YOU FOR CHOOSING FRY'S ELECTRONICS
Ask your Sales Associate about our Low Price Guarantee!!
Ask your Sales Associate about our Performance Service Contract!!
Protect your product with our Performance Service Contract.
THANK YOU FOR VISITING THE COMPUTER DEPARTMENT.
Fry's - Home of the Low Price Guarantee.
To be Safe, Ask your Sales Associate about our Performance Service Contract.