

1  James Alan Bush
   1745 De Marietta Avenue #3
2  San Jose, CA 95126
   (408) 982-3272
3  theo_knock@yahoo.com

4  Plaintiff in pro per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| James Alan Bush, | ) | Case No.:  C 08-01354 (RS) JF |
| | ) | |
| Plaintiff, | ) | MOTION FOR EXPEDITED DISCOVERY |
| | ) | |
| v. | ) | [Fed. R. Civ. P. Rules 26(D), 33(A)] |
| | ) | |
| Sunnyvale Department of Public Safety, et al., | ) | |
| | ) | |
| Defendants. | ) | Judge Jeremy Fogel |
| | ) | |

**RELIEF SOUGHT**

Plaintiff, James Alan Bush, moves this Court for an order permitting discovery in advance of the Rule 26(f) discovery conference, and in particular ordering Defendant, County of Santa Clara, and Defendant, Suzie DOE, an employee of the Santa Clara County Adult Probation Department, and each of them, to provide the true name and

DISCOVERY MOTION          PAGE 1          C 08-01354 (RS) JF

1  of Suzie DOE, and each and every capacity she serves as an employee of
2  the County of Santa Clara, as well as any other Governmental unit or
3  business.
4
5                            **GROUNDS FOR RELIEF**
6      Plaintiff alleges that Defendant Suzie DOE participated in a scheme
7  to deprive him of his home, and the proceeds from its sale. To assess
8  liability properly, Plaintiff needs the requested information to:
9  1.   identify the persons and/or entities responsible for the willful[1,2]
10      and intentional[3,4] deprivation of a property interest (i.e.,
11      Plaintiff's home), which is protected by § 1 of the Fourteenth
12      Amendment of the United States Constitution, and whether the
13      defendant acted under color of state law[5], for purposes of Title 42
14      U.S.C.S. § 1983[6].
15 2.   determine whether Plaintiff had an actual property interest
16      protected by the United States Constitution at the time of
17      defendant's unlawful conduct, which is required to sustain a claim
18      under Title 42 U.S.C.S. § 1983[7], in order to bring the proper claim
19      against the defendant (i.e., civil rights v. common-law tort and
20      federal v. state).
21
22                            **RECORD ON MOTION**
23      This motion is based on the information contained in this document
24  and Plaintiff's motion for a temporary restraining order, and the
25  Certificate of Service showing service of these motion papers to County
26  of Santa Clara, Santa Clara County Adult Probation Department, and Suzie

1 | DOE. The motion is also based on the complaint already on file in this
2 | action, and on whatever evidence and argument may be presented at any
3 | hearing on this motion.

Signed: _____    Dated: 5-10-08

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Word "willfully" in 18 USCS § 242 implies not merely conscious purpose to do wrong, but intent to deprive person of right which has been made specific either by terms of Constitution or federal law, or by decisions interpreting them. [Screws v United States (1945) 325 UDS 91, 89 L Ed 1495, 65 S Ct 1031, 162 ALR 1330]

2. "Willfully," as applied to 18 USCS § 242, implies not merely conscious purpose to do wrong, but specific intent to deprive person of right. [United States v Ramey (1964, CA4 W Va) 336 F2d 512, cert den (1965) 379 US 972, 13 L Ed 2d 564, 85 S Ct 649]

3. Specific intent to deprive person of constitutional right is essential element of offense described in 18 USCS § 242. [United States v Stokes (1975, CA5 Ga) 506 F2d 771]

4. In order to violate 18 USCS § 242, one must have specific intent to wilfully violate defined right. [United States v Hayes (1979, CA5 Tex) 591 F2d 1343 and cert den (1979) 444 US 847, 62 L Ed 2d 60, 100 S Ct 93]

5. Person acting under color of state law who invades personal liberty of another knowing that invasion is in violation of state law has demonstrated bad faith and reckless disregard for constitutional rights. [United States v Dise (1985, CA3 Pa) 763 F2d 586, cert den (1985) 474 US 982, 88 L Ed 2d 341, 106 S Ct 388]

6. Two elements are necessary for recovery under 42 USCS § 1983: plaintiff must prove that defendant has deprived him of right secured by "Constitution and laws" of United States, and that defendant deprived him of this constitutional right "under color of

1   any statute, ordinance, regulation, custom or usage, of any State or
2   Territory"; this second element requires that plaintiff show that
3   defendant acted "under color of law." [Adickes v S. H. Kress & Co.
4   (1970) 398 US 144, 26 L Ed 2d 142, 90 S Ct 1598]
5   7.  In order to sustain claim under 42 USCS § 1983, plaintiff must
6   show not only that he possessed "property interest", but also that
7   Constitution and laws protected that property interest. [Santini v
8   New Harmony (1984, SD Ind) 624 F Supp 11]