

```
1   James Alan Bush
    1745 De Marietta Avenue #3
2   San Jose, CA 95126
    (408) 982-3272
3   theo_knock@yahoo.com

4   Plaintiff in pro per
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| James Alan Bush, | ) | Case No.: C 08-01354 (RS) JF |
| | ) | |
| Plaintiff, | ) | MOTION FOR TEMPORARY RESTRAINING |
| | ) | ORDER AGAINST DEFENDANTS STALKER |
| v. | ) | DOES ONE TO SEVEN, HUONG DOAN, EM |
| | ) | DOAN, AND VIRGINIA BURNS |
| Sunnyvale Department of Public | ) | |
| Safety, et al., | ) | [Fed. R. Civ. P. 65(b)] |
| | ) | |
| Defendants. | ) | Judge Jeremy Fogel |
| | ) | |

**MOTION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff moves this Court for a temporary restraining order pursuant to Rule 65(b), Federal Rules of Procedure, to issue a temporary restraining order, without written or oral notice, pending a hearing and determination of Plaintiff's motion for a preliminary injunction. This motion is based on harassment of Plaintiff by Defendants, STALKER DOES

1  ONE to SEVEN, Huong Doan, Em Doan, and Virginia Burns (herein referred
2  to as "STALKER DEFENDANTS"), constituting civil harassment, as defined in
3  California Penal Code 527.6(b). To-wit:
4      [H]arassment" is unlawful violence, a credible threat of
5      violence, or a knowing and willful course of conduct directed
6      at a specific person that seriously alarms, annoys, or harasses
7      the person, and that serves no legitimate purpose. The course
8      of conduct must be such as would cause a reasonable person to
9      suffer substantial emotional distress, and must actually cause
10     substantial emotional distress to the plaintiff.
11 Specifically, Plaintiff seeks to restrain STALKER DEFENDANTS from:
12 • committing acts of violence and threatening to commit acts of
13   violence against Plaintiff;
14 • engaging in a course of conduct that alarms, annoys, and harasses
15   plaintiff, including, following, stalking, and surveilling him;
16 • contacting (either directly or indirectly) the plaintiff by
17   telephone, or send him messages or mail or e-mail;
18 • taking any action to get the address or location of the plaintiff;
19 • approaching the near vicinity of plaintiff, staying at least 300
20   yards away from him at all times; and,
21 • owning, possessing, purchasing, or receiving, or attempting to
22   purchase or receive firearms; moreover, Plaintiff asks the court to
23   order the defendants to sell or turn in any guns or firearms that he
24   or she controls.
25 Civil harassment does not, in and of itself, constitute torture,
26 nor does it indicate involvement in the human rights abuses that

1  form the basis of Plaintiff's complaint; however, the fact[3] that the
2  acts of stalking and harassment routinely took place immediately
3  following specific incidences of assault and aggravated mayhem,
4  implies foreknowledge and participation by STALKER DEFENDANTS in
5  the aforementioned acts of others, and can only be construed as the
6  acquiescence and ratification of torture.
7     A significant number of acts of civil harassment, occuring over
8  an extended period of time, and when combined with the acts of the
9  remaining defendants, constitute the infliction of "severe mental pain
10 and suffering." Per Title 18 Part I Chapter 113C § 2340, in relevant
11 part:
12     Severe mental pain and suffering is the prolonged mental
13     harm caused by or resulting from the intentional infliction or
14     threatened infliction of severe physical pain or suffering; the
15     threat of imminent death; or, the threat that another person
16     will imminently be subjected to death, severe physical pain
17     or suffering.
18     Under certain other conditions (i.e., false imprisonment), which are
19 satisfied by Plaintiff's circumstances, this amounts to psychological
20 torture within the meaning of Title 28 U.S.C.S. § 1350 and Title 42
21 U.S.C.S. § 1983. [Faulder v Johnson (1999, SD Tex) 99 F Supp 2d 774]
22     The concerted series of acts of stalking, harassment, verbal
23 abuse, and threats, evidence a continuity of purpose, and are likely to
24 continue[2].
25     There have been over 52 acts of civil harassment by STALKER
26 DEFENDANTS, with the last act occuring in mid-March, 2008[1].

Accordingly, Plaintiff seeks expedited consideration of this motion in order to stop this conduct immediately.

### GROUNDS FOR RELIEF

It is essential that the court issue the requested temporary restraining order to prevent immediate and irreparable injury because the plaintiff would likely suffer serious reprisals before notice can be given and the defendants can be heard on a motion for a preliminary injunction.

Plaintiff is exhibiting marked symptoms of anxiety and acute stress[4], which he believes is a direct and proximate result of the tortious conduct of the aforementioned defendants. Consequently, Plaintiff's participation in social activities and his pursuit of an occupation are significantly impaired not only by the conduct of STALKER DEFENDANTS, but, by his apparent distress, as well.

The allegations of the plaintiff and his pursuit of alternative remedies are sufficient to justify his request for a temporary restraining order, in that:

- Plaintiff clearly shows that immediate and irreparable injury[8], loss, or damage will result if STALKER DEFENDANTS are not enjoined from stalking and harassing the plaintiff; by contrast, STALKER DEFENDANTS suffer no loss as a result of the cessation of their unlawful activities[9]; and,

- Plaintiff exhausted all available remedies. To-wit: On March 12th, 2008, Plaintiff attempted to file a temporary restraining order in the Superior Court of California, County of

Santa Clara, Family Division; however, the clerk rejected the filing because Plaintiff did not know the names and addresses of the STALKER DEFENDANTS. Santa Clara County Office of the Sheriff and San Jose Police Department refused to file a report[7,10] and, subsequently, provide the names to Plaintiff.

For the reasons stated above, a temporary restraining order to prohibit civil harassment by STALKER DEFENDANTS should be granted.

Signed: _____    Dated: 5-10-08

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Defendant's cessation of harmful conduct is not dispositive in determining whether to grant injunction request. [City of Mesquite v. Alladin's Castle, Inc., 455 U.S. 283, 289, 102 S. Ct. 1070, 71 L. Ed. 2d 152 (1982)]

2. The exercise of [a court's] power [to enjoin allegedly harmful conduct] depends on the court's appraisal of all relevant circumstances, including the threat or likelihood of recurring violations. [Atlantic Richfield Co. v. Oil, Chem., and Atomic Workers Int'l Union, AFL-CIO, 447 F.2d 945, 947 (7th Cir. 1971)]

3. Party moving for injunctive relief need not show past wrongs. [United States v. W.T. Grant Co., 345 U.S. 629, 633, 73 S. Ct. 894, 97 L. Ed. 1303 (1953)]

4. Plaintiff was not required to wait until after occurrence of "tragic event" (assault) in order to obtain injunctive relief. [Farmer v. Brennan, 511 U.S. 825, 858, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)]

5. Party moving for injunctive relief must show "that there exists some cognizable danger of recurrent violation, something more than the mere possibility" or recurrence. [United States v. W.T. Grant Co, *supra*]

6. All it takes to make cause of action for injunctive relief is real threat of future violation of nature likely to continue or recur. [United States v. Oregon Med. Soc'y, 343 U.S. 326, 333, 72 S. Ct. 690, 96 L. Ed. 978 (1952)]

7. The legal remedy is inadequate if the plaintiff's injury is a

1     continuing one, where the last available remedy at law would
2     relegate the plaintiff to filing a separate claim for damages each
3     time it is injured anew. [Northeast Women's Ctr., Inc. v. McMonagle,
4     665 F. Supp. 1147, 1153 (E.D. Pa. 1987)]
5   8. Improper conduct for which monetary remedies cannot provide
6     adequate compensation is sufficient to establish [irreparable] harm.
7     [Peabody Holding Co. v. Constain Group PLC, 813 F. Supp. 1402, 1421
8     (E.D. Mo. 1993)]
9   9. In order to obtain injunctive relief, plaintiffs need only show that
10     balance of equities tips in their favor. [Peabody Holding Co. v.
11     Costain Group PLC, *supra*]
12   10. Purpose of 42 USCS § 1983 was to afford federal right in federal
13     courts because, by reason of prejudice, passion, negligence,
14     intolerance, or otherwise, state laws might not be enforced
15     and claims of citizens to enjoyment of rights, privileges, and
16     immunities guaranteed by Fourteenth Amendment might be denied by
17     state agencies. [District of Columbia v Carter (1973) 409 US 418, 34
18     L Ed 2d 613, 93 S Ct 602, reh den (1973) 410 US 959, 35 L Ed 2d 694,
19     93 S Ct 1411]