1    James Alan Bush
     1745 De Marietta Avenue #3
2    San Jose, CA 95126
     (408) 982-3272
3
     Plaintiff in pro per
4

FILED

2008 MAY 16 P 3:30

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

13   James Alan Bush,              )   Case No.:  C 08-01354 (RS) JF
                                   )
14             Petitioner,         )   PETITION FOR DECLARATORY AND
                                   )   INJUNCTIVE RELIEF FOR FAILURE TO
15     v.                          )   MAINTAIN RECORDS PROPERLY
                                   )
16   Crime Scene Investigator James)   [Title 42 U.S.C.S. § 1983 and
     Anton, Officer Benjamin Holt, )       Civ. Code § 1798.45(b), (c)]
17   Lieutenant Carl Rushmeyer,    )
     Lieutenant Vierra, Officer Jon)
18   Marines, Officer Christopher  )
     Fontaine, Officer Michael (aka)   Judge Jeremy Fogel
19   "Mick") Rose, Officer Devon   )
     Klein, and Sunnvyale Department)
20   of Public Safety,             )
                                   )
21     – and –                     )
                                   )
22   Long (aka "Kevin") Cao, Daniel)
     Napolitan, Daniel Cortez,     )
23   Laurene Weber, Robert Bradford)
     (aka "Malnburg, Jr."), Jonathan)
24   Harrington, Josh Williams,    )
                                   )
25             Respondents.        )
                                   )
     _____ )
26

1

2

**PRELIMINARY STATEMENT**

Pursuant to Civ. Code §§ 1798.18, 1798.45(b), (c), 1798.48, Petitioner,

James Alan Bush, seeks declaratory and injunctive relief against

Respondents, Sunnyvale Department of Public Safety and Crime Scene

Investigator James Anton, for failure to properly maintain records

containing information concerning the petitioner. Petitioner alleges

and can prove that the improper maintenance resulted in unfair and

prejudicial bias in an official determination and unduly influenced the

exercise of discretion by other law enforcement officers based on the

falsehoods and misrepresentations contained in these records.

**JURISDICTION AND VENUE**

Actions against a state agency pursuant to Civ. Code §§ 1798.18,

1798.45(b), (c), 1798.48 for failure to properly maintain records may be

brought in any court of competent jurisdiction in the county in which

the petitioner resides, or in which the respondent agency's records are

situated [Civ. Code § 1798.49].

**PARTIES**

1.  Petitioner is an individual, as defined in Civ. Code § 1798.3(d),

    and is lawfully entitled to bring this cause of action pursuant to

    Civ. Code § 1798.45(b), (c). Petitioner was, at all times mentioned

    herein, a resident of the City of Sunnyvale, County of Santa Clara,

    State of California, residing at 1220 Tasman Drive SPC 379.

2.  Respondent, Sunnyvale Department of Public Safety ("SDPS"), is a

    law enforcement agency, charged with the enforcement of law and

<br>

    order in the City of Sunnyvale, County of Santa Clara, State of California.

3.   Respondent, James Anton (Badge No. 12008), was, at all times mentioned herein, a Crime Scene Investigator, employed by the Sunnyvale Department of Public Safety, acting under color of law and in his official and individual capacity.

4.   Respondent OFFICERS, who are officers of the Sunnyvale Department of Public Safety, acting under color of law and in their official and individual capacities.

5.   Respondents, Long (aka "Kevin") Cao, Daniel Napolitan, Daniel Cortez, Laurene Weber, Robert Bradford (aka "Malnburg, Jr."), Jonathan Harrington, and Josh Williams, are defendants for the purposes of Title 42 U.S.C.S. § 1983, and are being sued as private individuals and as state actors, and are liable for civil rights violations against Plaintiff under color of law. [Cruz v. Donnelly, 727 F.2d 79, 82 (3d Cir. 1984) Id., 727 F.2d 79, 80; Adickes v. S. H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); Coggins v. Carpenter, 468 F. Supp. 270, 282, (E.D. Pa. 1979); U.S. v. Price, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966); Fine v. City of New York, 529 F.2d 70, 75 (2d Cir. 1975). U.S. v. Classic, 313 U.S. 299, 326, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941); Jones v. Eagleville Hosp. and Rehabilitation Center, 588 F. Supp. 53, 56 (E.D. Pa. 1984)]

1                          **FACTUAL ALLEGATIONS**

2    6.   Respondent SDPS maintains Report No. 06-5149, which contains

3         falsehoods and mischaracterizations of true facts, within the

4         meaning of Civ. Code §§ 1798.18, 1798.45(b). A copy of this report

5         and the supplemental report are attached hereto as Exhibits "A" and

6         "B", and are made a part hereof.

7    7.   These records falsely state that the petitioner was arrested

8         multiple times, and that mental illness and use of controlled

9         substances caused him to make false claims to police and to

10        willfully associate with persons who victimize him; specifically,

11        Respondent Anton wrote:

12             On 05-18-06 at approximately 0350 hrs, PSO Holt and I

13             responded to 1220 Tasman #379 in an attempt to conduct

14             follow-up investigation on a case that had occurred

15             earlier in the evening (refer to PSO Holt's narrative for

16             details). We responded to the mobile home to establish if

17             the subject of an earlier arrest was in fact associated

18             with the residence as she had claimed.

19             I had knowledge that James Bush has been arrested several

20             times for being under the influence of a controlled

21             substance after calling the Police to report intruders

22             and other activity that had been the result of paranoia.

23             I had personally responded to the residence on several

24             previous occasions for controlled substance-related

25             events. One of those events included a controlled

26             substance manufacturing case where a handgun was also

PETITION                      PAGE 4           C 08-01354 (RS) JF

1    recovered (03-31-06, CR06-3298).

2    [omitted]

3    On another event, I had contacted a Daniel Na[p]olitan

4    outside the residence. Prior to our contact at the

5    residence, dispatch advised that Na[p]olitan had two

6    outstanding misdemeanor warrants for his arrest.

7    After arriving at the mobile home ... PSO Holt knocked

8    and we received no response, PSO Holt and I began to

9    walk away from the residence. As I began leaving the

10   driveway area, a vehicle drove up and stopped directly

11   in front of the home. I immediately recognized the

12   passenger as James Bush, the owner of the home. Bush and

13   I had discussed on prior occasions that he had a habit

14   of inviting people he didn't know very well to live with

15   him. This often put Bush in a position to call the Police

16   when those associates overstayed their welcome, stole

17   from him, or otherwise made him uncomfortable. Bush

18   had always admitted to me that he needed to stop doing

19   this. When I saw Bush, I casually asked him, "Hi[,] Mr.

20   Bush, what are you up to?" Bush immediately stated that

21   he had just kicked "Danny" and "some crazy chick named

22   [Laurene]" out of his house that evening. After asking

23   Bush if anyone was inside the residence, he stated that

24   he did not know. He then stated that he wanted "Danny"

25   out of his house (if he was in there). When I asked if

26   Danny had been "using" methamphetamine), Bush nodded

1          yes. Bush then told me that a "Robert" was also in the

2          home. When I asked if "Robert" was allowed to stay in

3          the residence, Bush told me that "Robert has issues,"

4          but that he did not have to leave immediately. Bush then

5          provided me with his house keys and requested that I

6          check his house to ensure "Danny" was no longer there.

7    8.   This purported information concerning the petitioner contained

8          in respondent agency's report is inaccurate, incomplete,

9          and/or irrelevant, and they slander the petitioner and attribute

10         undesirable characteristics to him without justification; moreoever,

11         it contains statements that are clearly intended to obfuscate

12         the defendant's culpability and/or negligence in the events and

13         circumstances that are recorded in it.

14   9.   Petitioner contradicts the respondent's statements with these facts:

15         •    Petitioner was not arrested several times for any crime

16              preceding the occurrence of the events that are recorded in

17              defendant agency's records;

18         •    Petitioner never made false claims to the police, particularly

19              with respect to the events and circumstances described in

20              Report No. CR06-3298;

21         •    Petitioner was not arrested in the course of events described

22              in Report No. CR06-3298; he was the reporting party and victim.

23         •    The incident described in Report No. CR06-3298 occurred on

24              March 29th, 2006 (not March 31st, 2006). Petitioner filed a

25              declaration in support of this petition, and a partial copy of

26              the aforementioned report is attached hereto as Exhibit "B" and

1  made a part hereof.

2  • Laurene Weber was not "associated" with Petitioner's residence;

3  and, the premise given the petitioner for the Respondent

4  Anton's presence on the petitioner's property was based on

5  outstanding warrants for Respondent Napolitan, who was not a

6  resident nor was he lawfully permitted to occupy Petitioner's

7  residence, per Respondent Ferguson. Also, Petitioner asked

8  Respondent DOE OFFICER ONE to remove Respondents Napolitan and

9  Bradford two weeks prior to May 18th, 2006;

10  • When Petitioner and Respondent Cao drove past the petitioner's

11  residence, Respondent Anton and other officers rushed Respondent

12  Cao's vehicle, and tersely ordered Respondent Cao to stop; then,

13  Respondent OFFICERS ordered the petitioner to exit the vehicle;

14  • Respondents Anton and Holt were not exiting Petitioner's

15  driveway upon his arrival; rather, both respondents and several

16  other Respondent OFFICERS were present, and were actively

17  searching for persons inside Petitioner's residence by shining

18  flashlights in the front, side and rear windows;

19  • Upon informing Respondent Anton and other officers at the

20  scene that Respondent Napolitan was not in Petitioner's home,

21  Petitioner agreed to Respondent OFFICERS' request for his house

22  keys, which they then used to enter his home. Petitioner's house

23  keys, which also included his only set of car keys, were never

24  returned;

25  • Petitioner and Respondent Anton never had discussions in which

26  the petitioner admitted to habitual (and negligent) choices

1    of roommates; moreover, maintenance of information on First

2    Amendment activities is prohibited in state agency records;

3    and,

4    • Petitioner did not accuse Respondent Napolitan of using

5    methamphetamines.

6    10. Respondents failed to properly maintain its records in that it

7    seeks to cover up the predicate acts of its officers on March 29th,

8    2006, and May 18th, 2006, by falsifying the petitioner's arrest

9    record, and by grossly misrepresenting his relationship with the

10    other parties mentioned in the report. Insodoing, the respondents

11    portray the petitioner as someone who habitually and negligently

12    contributes to his own victimization by willfully associating with

13    persons who commit controlled substance-related crimes involving

14    illegal firearms; and, by inference and implication, the respondent

15    accuses the petitioner of committing crimes induced by the use of

16    controlled substances and of making false statements to police as a

17    consequence of insanity.

18    11. At the times mentioned herein, Petitioner was unaware of the

19    inaccuracy, incompleteness, and irrelevance of the information

20    maintained by Respondent SDPS. [Civ. Code §§ 1798.35, 1798.36] He

21    was not made aware until October, 2006, through records procured

22    by his attorney. Upon discovery, Petitioner requested to amend the

23    information; however, his request was denied by the respondent, who

24    also refused to include a statement of disagreement in the records.

25    [Civ. Code §§ 1798.35, 1798.36]

26    12. Respondent's failure to properly maintain records precluded

1    Petitioner from qualifying for compensation from the Crime Victim's

2    Restitution Fund.

3    13. This adverse determination was made on the basis of the above-

4        described information concerning Petitioner contained in Respondent

5        SDPS's records. The manner in which Respondent maintained the

6        respondent agency's records containing information concerning

7        Petitioner denied him fairness in the determination in that he

8        was regarded as a negligent contributor to the criminal conduct

9        by which he was actually victimized. [Civ. Code § 1798.18] The

10       adverse result of the determination was a proximate result

11       of failure of the defendant to properly maintain its records

12       [Civ. Code §§ 1798.18, 1798.45(b)].

13   14. As a proximate result of the conduct of the respondents as herein

14       alleged, and as alleged in the complaint upon which this motion is

15       based, petitioner has suffered damages in the amount equal to that

16       which he would have been awarded by the Crime Victim's Compensation

17       Fund in lost wages [Gov. Code § 13957.5(a)(1)].

18

19                          **PRAYER FOR RELIEF**

20       WHEREFORE, Petitioner prays judgment against Respondents:

21   1.  A declaration of fact to resolve the dispute between parties in

22       regards to the statements in controversy; and, a declaration of

23       liability for the loss of Plaintiff's house and car keys, and the

24       stolen property taken from his home on May 18th, 2006;

25   2.  For injunctive relief, ordering the respondents to amend

26       the record according to declaration of fact by this Court

[Civ. Code §§ 1798.35, 1798.36];

3.   For a waiver of exhaustion of administrative remedies, which requires Petitioner to mail a claim to the auditor of the Sunnyvale Department of Public Safety for the injuries, disabilities, and damages that he suffered [Gov. Code §§ 905, 905.2, 912.4];

4.   For reasonable attorney's fees, as determined by the court [Civ. Code § 1798.48];

5.   For costs of suit herein incurred;

6.   For such other and further relief as the court may deem proper; and,

7.   A declaration that any award for damages in this cause of action does not preclude further damage awards to Plaintiff in matters in regards to the related complaint.

Signed: _____    Dated: _5-16-08_

**VERIFICATION**

I, James Alan Bush, Petitioner in the above-entitled action, have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief; and, as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in San Jose, California.

Petitioner: _____    Dated: _5-16-08_

PETITION                    PAGE 10              C 08-01354 (RS) JF

**CERTIFICATE OF SERVICE**

A copy of the above petition was mailed by certified mail, return receipt requested, to the Sunnyvale Department of Public Safety, Crime Scene Investigator James Anton, and the District Attorney for the City of Sunnyvale, on May 16th, 2008.

Signed: _____    Dated: _5-16-08_