1   James Alan Bush
    1745 De Marietta Avenue #3
2   San Jose, CA 95126
    (408) 982-3272
3
    Plaintiff in pro per
4

FILED

2008 MAY 16  P 3:30

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush,<br><br>  Petitioner,<br><br>  v.<br><br>Crime Scene Investigator James Anton, Officer Benjamin Holt, Lieutenant Carl Rushmeyer, Lieutenant Vierra, Officer Jon Marines, Officer Christopher Fontaine, Officer Michael (aka "Mick") Rose, Officer Devon Klein, and Sunnvyale Department of Public Safety,<br><br>  - and -<br><br>Long (aka "Kevin") Cao, Daniel Napolitan, Daniel Cortez, Laurene Weber, Robert Bradford (aka "Malnburg, Jr."), Jonathan Harrington, Josh Williams,<br><br>  Respondents. | Case No.:  C 08-01354 (RS) JF<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF FOR FAILURE TO MAINTAIN RECORDS PROPERLY<br><br>[Title 42 U.S.C.S. § 1983 and<br>    Civ. Code § 1798.45(b), (c)]<br><br>Judge Jeremy Fogel |

**STATUTES**

**Statute of Limitations.** An action against a state agency brought pursuant to Civ. Code §§ 1798.18, 1798.45(b), (c), 1798.48 for failure to properly maintain records may be brought within two years from the date on which the cause of action arises, except that when a defendant has materially and willfully misrepresented any information required under Civ. Code § 1798.49 to be disclosed to an individual who is the subject of the information and the information so misrepresented is material to the establishment of the agency's liability to that individual under Civ. Code § 1798.49, the action may be brought at any time within two years after discovery by the complainant of the misrepresentation [see Civ. Code § 1798.49].

**CASE LAW**

I. THE PLAINTIFF IS ENTITLED TO DAMAGES BECAUSE THE DEFENDANT HAS FAILED TO PROPERLY MAINTAIN ITS RECORDS WHICH CONTAIN INFORMATION CONCERNING THE PLAINTIFF.

    A. Agency's Duty to Properly Maintain Records. Each agency shall maintain all records, to the maximum extent possible, with accuracy, relevance, timeliness, and completeness when the records are used to make any determination about the individual (*see* Civ. Code § 1798.18).

    B. Only Relevant Information May Be Maintained. Each agency shall maintain in its records only personal information that is relevant and necessary to accomplish a purpose of the agency required or authorized by the California Constitution

or statute, or mandated by the federal government (Civ. Code § 1798.14).

C. Damages for Improper Maintenance. In any suit brought for failure to properly maintain information used in a determination or other violation of the Information Practices Act (Civ. Code §§ 1798-1798.78), the agency shall be liable to the individual for the sum of actual damages sustained by the individual, including damages for mental suffering, and the costs of the action together with reasonable attorney's fees as determined by the court (Civ. Code § 1798.48).

II. THE DEFENDANT AGENCY IS MAINTAINING INFORMATION IN ITS RECORDS DESCRIBING PLAINTIFF'S ACTIVITIES IN THE EXERCISE OF HIS RIGHTS GUARANTEED BY THE FIRST AMENDMENT, IN VIOLATION OF 5 U.S.C.S. § 552a(e)(7).

A. Maintenance of Information on First Amendment Activities Prohibited. An agency that maintains a system of records shall maintain no record describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity (see 5 U.S.C.S. § 552a(e)(7)).

B. Detrimental Effect on Plaintiff. Allegation of a system of independently unlawful intrusions, accumulation and dissemination of inaccurate information, damage to reputation and business are sufficient to establish that defendant's

conduct had a detrimental effect on the plaintiff, so that a civil action regarding violation of 5 U.S.C.S. § 552a(e)(7) may be maintained (Jabara v. Kelley (E.D. Mich. 1979) 476 F. Supp. 561, 568, 580, rev'd on other grounds, Jabara v. Webster (6th Cir. 1982) 691 F.2d 272, 280).

III. THE COURT SHOULD ORDER DEFENDANT TO AMEND ITS RECORDS CONCERNING PLAINTIFF AS PLAINTIFF HAS REQUESTED OR TO INCLUDE PLAINTIFF'S STATEMENT OF DISAGREEMENT WITH THE RECORDS WITHIN THE RECORDS IN QUESTION BECAUSE PLAINTIFF IS ENTITLED TO SUCH AMENDMENT OR INCLUSION OF A STATEMENT UNDER THE INFORMATION PRACTICEWS ACT OF 1977.

   A. Request for Amendment of Record. Each agency must permit an individual to request in writing an amendment of a record and shall within 30 days of receipt of such request make each comtion in accordance with the individual's request, of any portion of a record that the individual believes is not accurate, relevant, timely, or complete, and inform the individual of the corrections made; or inform the individual of its reason for refusing to amend the record, and provide the individual with an opportunity to request review of the refusal. If, after review, the agency makes a final determination not to make the requested amendment, the agency shall permit the individual to file with the record a statement of disagreement and shall on any subsequent disclosure clearly note the disputed portion of the record, and make available to any receiving party both the individual's statement of

        disagreement and its own statement of its reasons for refusing to make the amendment (see Civ. Code §§ 1798.35-1798.37).

  B. **Relief by Writ of Mandate for Abuse of Discretion.** A writ of mandate issued persuant to Code Civ. Proc. §§ 1085, 1086 is proper to control abuse of discretion by an administrative agency (Manjares v. Newton (1966) 64 W. 2d 365, 370, 49 Cal. Rptr. 805, 411 P.2d 901; see Code Civ. Proc. §§ 1085, 1086).

  C. **Injunction Against Agency.** Any agency that fails to comply with any provision of the Information Practices Act of 1977 (Civ. Code §§ 1798-1798.78) may be enjoined by any court of competent jurisdiction. The court may make such judgment or order as is necessary to prevent the use of or employment by an agency of any practices that violate the Information Practices Act of 1977. Actions for injunction may be brought by any individual acting in his or her own behalf (Civ. Code § 1798.47).

  D. **Amendment Is Proper Remedy for Improperly Maintained Records.** Although an agency is not required to amend its records merely because an individual requests it, an agency my be compelled to amend records used as a basis of a determination concerning the &e&d individual, including information that is not maintained with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in making the determination (see Savarese v. United States Dep't of Health, Educ. & Welfare (N.D. Ga. 1979) 479 F. Supp. 304, 306-307, aff'd, (5th Cir. 1980) 620 F.2d 298). The provisions of the Privacy Act interpreted by Savarese are comparable to

analogous provisions of the Information Practices Act (*compare* 5 U.S.C.S. § 552a(d)(2), (3) (amendment), (e)(5) (improper maintenance) *with* Civ. Code §§ 1798.18 (improper maintenance), 1798.35-1798.37 (amendment).