James Alan Bush
1745 De Marietta Avenue #3
San Jose, CA 95126
(408) 982-3272

Plaintiff in pro per

FILED

2008 MAY 22 A 10: 05

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush,<br><br>                    Petitioner,<br><br>    v.<br><br>California Department of Housing and Community Development, DOES ONE to THREE (herein referred to as "DOE CUSTODIANS"), inclusive,<br><br>                    Respondents. | Case No.:  C 08-01354 (RS) JF<br><br>PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT FOR REFUSAL OF ACCESS TO RECORDS<br><br>[Civ. Code § 1798.34(a),<br>         Civ. Code § 1798.45(a)]<br><br>Judge Jeremy Fogel |

**PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF**

Petitioner, James Alan Bush, brings this action for declaratory and injunctive relief, as well as damages, pursuant to Civ. Code § 1798.34(a) [Civ. Code § 1798.45(a)], against Respondents, California Department of Housing and Community Development, and, in particular, Respondent,

1  CUSTODIAN DOE ONE, for refusing to comply with the petitioner's lawful
2  request to inspect records, a right afforded him under Gov. Code § 6253
3  and Civ. Code §§ 1798-1798.78.
4      This action is also brought pursuant to Gov. Code § 1798.49, against
5  Respondents, CUSTODIAN DOES TWO and THREE, for materially and willfully
6  providing inaccurate and misleading information to the petitioner
7  (who was the subject of the information), which was material to the
8  establishment of the liability of Respondent, CUSTODIAN DOE ONE, to the
9  petitioner under this section.

## JURISDICTION AND VENUE

12      Pursuant to Gov. Code § 1798.49, this action to enforce liability
13  created under Gov. Code §§ 1798.45 to 1798.48, inclusive, is brought in
14  the United States District Court, Northern District of California, San
15  Jose Division, in the County of Santa Clara, in which the petitioner
16  resides.

## PARTIES

19  1. Petitioner, James Alan Bush, is, and at all relevant times
20     described herein was, a resident of the County of Santa Clara,
21     City of San Jose, State of California, and currently resides at
22     1745 De Marietta Avenue #3. He resided at 1471 McDaniel Avenue on
23     the date of the respondents' unlawful refusal to provide access to
24     records.
25  2. Respondent, Department of Housing and Community Development,
26     hereinafter referred to as the "agency," is an agency of California,

1  duly organized and existing under the Constitution and laws of the
2  State of California, and operates from 100 Paseo De San Antonio,
3  Room 306, in the County of Santa Clara, City of San Jose; Respondent
4  agency duly adopted regulations in accordance with the Information
5  Practices Act (Civ. Code §§ 1798-1798.78), which governs the
6  individual access to personal records.
7  3. Respondents, DOES ONE through THREE, (herein referred to as
8  "CUSTODIAN DOES"), were, at all relevant times mentioned herein,
9  custodians of respondent agency and the persons charged by law
10  with administering respondent agency and the rules and regulations
11  thereof.
12
13  **FACTUAL ALLEGATIONS**
14  4. On or around January 15th, 2007, Petitioner requested to inspect
15  records, pursuant to Civ. Code § 1798.34(b), that pertain to
16  a manufactured home he formerly owned, which is situated at
17  1220 Tasman Drive SPC 379, Sunnyvale, California.
18  5. Respondent, CUSTODIAN DOE ONE, initially complied with Petitioner's
19  request; however, a few minutes later, the respondent seized the
20  records from the petitioner.
21  6. The aforementioned respondent then stated to the petitioner that
22  he was not permitted to view them, but proffered no explanation,
23  affectively denying his otherwise lawful request[1], in violation of
24  Civ. Code § 1798.40.
25  7. On or around March 15th, 2007, Petitioner again requested access to
26  the above-referenced records.

8. Respondents, CUSTODIAN DOES ONE and TWO, complied with Petitioner's request; however, the aforementioned respondents provided records that had been altered[2] since the petitioner's brief inspection two months earlier; specifically, the last names of the new owners—but not the first names—and the purchase date had been changed, and some documents were missing.

**CLAIM FOR DECLARATORY RELIEF**

9. An actual controversy has arisen and now exists between Petitioner and Respondents resting to their respective rights and duties in that Petitioner contends that Civ. Code § 1798.40(h), while valid, both on its face and as construed by Respondents, was unenforceable because none of the exemptions listed under this statute were applicable under the circumstances.

10. Petitioner desires a declaration of his rights with respect to the application or nonapplication of Civ. Code § 1798.40 to Petitioner, with particular reference as to the legality of denying him access to personal records without sufficient explanation.

11. In the alternative, Petitioner seeks a declaration that Respondent denied him access to his personal records in January, 2006, whether the denial was lawful or otherwise.

12. Such a declaration is necessary and appropriate at this time under the circumstances in order that Petitioner may amend his complaint against the respondents according to finding-of-fact.

13. Petitioner also desires a declaration of the appropriate costs for making copies of a record and, in particular, whether the cost

should be $.10 per page maximum, pursuant to Civ. Code § 1798.33, or whether the agency fee for copying is established by another statute, which authorizes a charge of $5.00 per page (as was paid by Petitioner).

### CLAIM FOR INJUNCTIVE RELIEF

13. Petitioner seeks an order from this Court, compelling the immediate production of all documents related to Petitioner's former home that were removed prior to February, 2006.

### CONCLUSION

14. Based on the absence of a statutory basis for Respondents' refusal to allow the petitioner to access his personal records, and the fact that the records have since been altered, Petitioner alleges that Respondent CUSTODIAN DOE ONE acted willfully and intentionally, with the intent of precluding timely discovery of information relevant to the allegations in Petitioner's related complaint; specifically, Petitioner alleges that the respondents concealed the fact that the current owners of Petitioner's former home bought the house in August, 2006—not February, 2007, as the respondents now contend.

15. Petitioner seeks leave to amend this petition for the cause of action of Improper Maintenance of Records [5 U.S.C.S. § 552a(e)(1), (5), (6); Civ. Code §§ 1798.14, 1798.15, 1798.18].

# PRAYER FOR RELIEF

WHEREFORE, Petitioner prays judgment against Respondents, and asks this court for:

1. A declaration of the respective rights and duties of the respondents under Civ. Code § 1798.40 and that by its declaration and judgment the court declare that the exemptions cited by this statute had no application to petitioner in the determination made by the agency on January 15th, 2007; or, a declaration that the respondents did, in fact, withhold the records Petitioner requested, in the absence of statutory adjudication.

3. If applicable, reimbursement of costs for copying personal records, in the amount of $65.00 [Civ. Code § 1798.33];

4. An injunction, enjoining the agency from withholding the records and order the production to the petitioner of any agency records improperly withheld from the petitioner pre-dating February 15th, 2007 [Civ. Code § 1798.46(a)];

5. Actual damages sustained by the individual, including damages for mental suffering [Civ. Code § 1798.48(a)];

6. For reasonable attorney's fees, as determined by the court [Civ. Code § 1798.48(b)];

7. For costs of suit herein incurred; and,

8. For such other and further relief as the Court may deem proper.

Signed: _____    Dated: 5-22-08

**VERIFICATION**

I, James Alan Bush, Petitioner in the above-entitled action, have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief; and, as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in San Jose, California.

Petitioner: _____  Dated: 5-22-08

**CERTIFICATE OF SERVICE**

A copy of the above petition was mailed by certified mail, return receipt requested, to each of the respondents in the above-captioned matter, as well as the Attorney General for the State of California, on May 22nd, 2008.

Signed: _____  Dated: 5-22-08

## MEMORANDUM OF POINTS AND AUTHORITIES

(Relevant Statutes)

1. **Remedy for Refusal of Access to Records [Gov. Code § 1798.45].** An individual may bring a civil action against an agency whenever such agency refuses to comply with an individual's lawful request to inspect pursuant to subdivision (a) of Gov. Code § 1798.34.

2. **Remedy for Improperly Maintained Records [Gov. Code § 1798.45].** An individual may bring a civil action against an agency whenever such agency fails to maintain any record concerning any individual with such accuracy, relevancy, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, opportunities of, or benefits to the individual that may be made on the basis of such record, if, as a proximate result of such failure, a determination is made which is adverse to the individual.

3. **Remedies Deemed Nonexclusive [Gov. Code § 1798.49].** The rights and remedies set forth in Gov. Code § 1798.3 shall be deemed to be nonexclusive and are in addition to all those rights and remedies which are otherwise available under any other provision of law.

(Argument in Anticipation of Demurrer to Plaintiff's Petition)

I. Defendant cannot rely on the confidential source exemptions to the access requirements of Civ. Code §§ 1798.30–1798.34 set out in Civ. Code § 1798.38 to deny plaintiff access to the information sought because defendant has not shown that promises of confidentiality were made to sources whose identities would be revealed by

1           disclosure to the information.
2      A.   Promise of Confidentiality to Source Required. The confidential
3           source exemption to the disclosure requirement of Civ.
4           Code § 1798.24 for information compiled for the purpose of
5           making determinations regarding employment, receipt of state
6           contracts, licensing purposes, or status as adoptive parents
7           applies only to information that would reveal the identity of
8           a source who furnished information to the government under a
9           promise, or before July 1, 1978, with the understanding that the
10          identity of the source would be kept confidential (see Civ. Code
11          § 1798.38).
12     B.   Evidence Must Show Promise to Each Source. The fact that the
13          defendant made an express or implied promise of confidentiality
14          may not be inferred simply from the circumsti~ce that the
15          information was solicited by and given to a governmental
16          agency; evidence based on personal experience that a promise
17          was made must be presented, or an adequate basis for an
18          implication of a promise must be shown, with respect to each
19          allegedly confidential source (Londrigan v. Federal Bureau of
20          Investigation (D.C. Cir. 1981) 670 F.2d 1164, 1173; Nemetz v.
21          Department of Treasury (N.D. Ill. 1978) 446 F. Supp. 102, 105
22          (both construing 5 U.S.C.S. § 552a(k)(5), which is similar to
23          Civ. Code § 1798.38)).
24     C.   Exemption Limited to Information Disclosing Source. An agency
25          that is able to show that disclosure of information would
26          reveal a confidential source must nevertheless disclose any

1　　　portions of the requested information that reasonably can
2　　　be segregated and would not reveal the source (Nemetz v.
3　　　Department of Treasury (N.D. Ill. 1978) 446 F. Supp. 102, 105
4　　　(construing 5 U.S.C.S. § 552a(k)(5), which is similar to Civ.
5　　　Code § 1798.38)).
6　　D.　In Camera Inspection. In any action brought under Civ. Code
7　　　§ 1798.45(a) (civil action for refusal to provide access) the
8　　　court may examine the contents of any agency records in camera
9　　　to determine whether the records or any portion thereof may be
10　　　withheld as being exempt from the individual's right of access
11　　　and the burden is on the agency to sustain its action (Civ.
12　　　Code § 1798.46(a)).





5-22-08