James Alan Bush
1745 De Marietta Avenue #3
San Jose, CA 95126
(408) 982-3272

Plaintiff in pro per

FILED

2008 MAY 27  A 10:14

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush, | Case No.: C 08-01354 (RS) JF |
| Petitioner, | APPLICATION FOR EX PARTE WRIT OF POSSESSION |
| v. | [Code Civ. Proc. § 512.010] |
| Donnie aka Lamont aka Lil' Mon DOE, Eric DOE, Santa Clara County Sheriff's Office, San Jose Police Department, | |
| Respondents. | Judge Jeremy Fogel |

APPLICATION FOR EX PARTE WRIT OF POSSESSION

Petitioner, James Alan Bush, in conjunction with his petition for claim and delivery, filed on May 27th, 2008, against Respondents, Donnie DOE and Eric DOE, applies for an ex parte writ of possession of the property claimed herein.

APPLICATION                      PAGE 18                 C 08-01354 (RS) JF

1. On May 27th, 2008, Petitioner filed a petition, as required by Code Civ Proc. § 512.010(a), and makes claim for delivery of property in the possession of the Respondents, Donnie DOE and Eric DOE.
2. Petitioner applies for Writ of Possession, *ex parte*, pursuant to Code Civ. Proc. § 512.010.
3. The basis of the petitioner's claim and right to possession of the claimed property is set forth in the verified petition and the attached declarations, filed on March 27th, 2008.
4. Petitioner is, and at all times herein mentioned was, entitled to the immediate and exclusive possession of the following personal property:
    - an LG VX9800 cellular telephone; and,
    - a case of DVDs (approx. 10 to 20), marked "Evidence" in black ink by a felt-tip marker, and followed by a date.

    The property that is the subject of this petition contained evidence relevant to Petitioner's complaint, filed on March 10th, 2008.
5. According to Petitioner's best knowledge, information, and belief, the claimed property was taken from his apartment on or about the beginning of February, 2008, by Respondent Donnie DOE.
6. To Petitioner's best knowledge, information, and belief, the claimed property, or some part of it, is located within a residence associated with the aforementioned respondents, the addresses of which are known and established by Respondents SCCSO and SJPD.
7. Petitioner has probable cause for belief that the claimed property, or some part of it, is located in one or both of the private

places referred to in Paragraph 6, in that (1) the next day, Respondents Donnie and Eric questioned Petitioner about information contained on the cellphone; and, (2) are alleged to act on behalf of Respondents SCCSO and SJPD in a covert capacity (see Exhibit "A"), and, the information contained on the cellphone and DVDs are likely to have a financially and politically significant impact on Respondents SCCSO and SJPD.

8. The claimed property has not been taken for a tax, assessment, or fine, pursuant to statute, and has not been seized under an execution against the petitioner's property.

9. To recover the claimed property, the petitioner has taken the following steps:

- Petitioner filed a stolen property report with Respondent, San Jose Police Department; to-date, the respondent continues to refuse investigation of this matter.
- Petitioner unsuccessfully filed a motion in this Court (Case No. C 08-00539), requesting an order to compel Respondents SJPD to seize (and recover) the claimed property; this Court denied the motion, citing lack of jurisdiction, failure to make factual showing, and procedural error.

10. Having satisfied the allegational requirements of Code Civ. Proc. § 512.010, Petitioner applies for a writ of possession in this Court; and, having established probable validity of his claim to possession of the property, as required by Code Civ. Proc. § 512.060, Petitioner respectfully requests the Court to consider his request for a writ of possession, without evidentiary hearing, and without

oral argument, as authorized by Code Civ. Proc. § 512.020(b), to protect the property. If the petitioner is required to give the respondents notice of the application for a writ of possession, it would cause a delay in issuance of the order to recover the property of at least 30 days, and by reason of this delay, petitioner will suffer irreparable damage for the reason that prior notification of a hearing increases the danger that the respondents will conceal, damage, or destroy the property.

Signed: _____   Dated: 5-24-08

### DECLARATION

I, James Alan Bush, Petitioner in the above-captioned matter, declare under penalty of perjury under the laws of California that the facts alleged in the related petition are true and correct, and within my personal knowledge. This declaration was executed on May 27th, 2008, in the City of San Jose, County of Santa Clara, State of California.

Signed: _____   Dated: 5-24-08