```
1   James Alan Bush
    1745 De Marietta Avenue #3                    FILED
2   San Jose, CA 95126
    (408) 982-3272                                2008 MAY 29  A 9 30
3
                                                  RICHARD W. WIEKING
4   Plaintiff in pro per                               CLERK
                                                  U.S. DISTRICT COURT
5                                                 NO. DIST. OF CA. S.J.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush,                              ) | Case No.:  C 08-01354 (RS) JF |
|                                        Petitioner, ) | EX PARTE MOTION TO EXPEDITE DISCOVERY |
| v.                                            ) | |
| Officer Anthony Sult, Sunnyvale               ) | |
| Department of Public Safety,                  ) | |
|                                        Respondents. ) | Judge Jeremy Fogel |

**EX PARTE MOTION TO EXPEDITE DISCOVERY**

Petitioner files this motion to expedite discovery, seeking discovery in advance of the Rule 26(f) discovery conference, and, in particular, asking this Court to order Respondent, Anthony Sult, a law enforcement officer employed by the Sunnyvale Department of Public Safety, to explain his use of the term, "listening devices," in a phone

conversation with Petitioner, which took place on August 5th, 2006, at 1:27 PM. A transcript of this conversation is attached hereto as Exhibit "A" and made a part hereof; the corresponding audio recording is attached hereto as Exhibit "B" and made a part hereof.

In particular, Petitioner requests that Respondent Sult answer the following, in regards to the term "listening device":

1. where he first heard the term;
2. who he heard first use the term;
3. his interpretation of the meaning intended by the person who first used the term; and,
4. his intended meaning of the term, within the context of the phone conversation with the petitioner, described in other words.

### GROUNDS FOR RELIEF

Petitioner requires discovery of the above-described information to determine if Respondent Sult is liable[1] for failing to act or protect or to enforce the law[2] on Petitioner's behalf, for purposes of Title 42 U.S.C.S. § 1983; specifically, Petitioner seeks to discover whether Respondent Sult was aware of, or witnessed, any crimes committed against the petitioner, and, in particular, the "voices" form of torture, as implied by Respondent Sult in a phone conversation with Petitioner; and, if so, Petitioner will file a petition for declaratory relief, asking this Court to determine whether Respondent Sult had a constitutional duty[3] to protect Petitioner and whether his (or a third-party's)[4] failure to do so amounts to deliberate indifference[5] for the safety of the petitioner, within the meaning of Title 42 U.S.C.S. § 1983.

The response provided by Respondent Sult will allow the petitioner to sufficiently plead one or more of the following causes of action:

- negligent failure to protect, to act, or to enforce the law, resulting in the deprivation of a constitutional right [Title 42 U.S.C.S. § 1983]
- misprision of felony [Title 18 U.S.C. § 4]
- constitutional violation of invasion of privacy under color of law [Title 42 U.S.C.S. § 1983]
- violation of the Invasion of Privacy Act [Penal Code §§ 630—637.6]
- unlawful interception, disclosure, or use of wire communications [Penal Code §§ 629.50—629.98]

**REQUEST FOR EXPEDITED CONSIDERATION**

Petitioners requests expedited consideration of this matter and seeks an order from this Court, against Respondents, Officer Anthony Sult and Sunnvyale Department of Public Safety, compelling discovery of the information described herein, as soon as possible.

**RECORDS ON MOTION**

This motion is based on the information contained in this document, memoranda, and its exhibits, and the Certificate of Service showing service of these motion papers to Officer Anthony Sult, Sunnyvale Department of Public Safety, and the District Attorney, City of Sunnyvale.

Signed: _____    Dated: 5-29-09