```
James Alan Bush
1745 De Marietta Avenue #3
San Jose, CA 95126
(408) 982-3272

Plaintiff in pro per
```

RECEIVED
08 MAY 30 AM 8:39
RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

FILED
MAY 30 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush, | Case No.: C 08-01354 (RS) JF |
| Petitioner, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S PETITION FOR CLAIM AND DELIVERY |
| v. | |
| Kathy Bickel, | |
| Respondent. | Judge Jeremy Fogel |

**RELEVANT STATUTORY SCHEME**

Conversion of property is governed under California law as follows:

- Civ. Code §§ 3336-3338 governs damages recoverable for conversion of property.

- Code Civ. Proc. § 338(c) governs the time period in which action for conversion must be brought.

- Civ. Code §§ 1712 and 1713 set forth the requirement that a person

return wrongfully acquired property and provide that the owner need not make any demand for the return of wrongfully acquired property in order to bring an action for conversion.

- Civ. Code § 3379 and Code Civ. Proc. §§ 511.010-516.050 entitles Plaintiff to bring an action for claim and delivery to recover the property itself.

## CASE LAW

1. DEFENDANT'S ACT OF FAILING TO RETURN PERSONAL PROPERTY OF PLAINTIFF IS AN ACT OF WILLFUL INTERFERENCE WITH THAT PROPERTY, DONE WITHOUT LAWFUL JUSTIFICATION, BY WHICH PLAINTIFF, THE PERSON ENTITLED TO THE PROPERTY, IS DEPRIVED OF ITS USE AND POSSESSION, AND CONSTITUTES AN ACT OF CONVERSION.

   A. **Conversion Defined.** Conversion is any act of willful interference with the personal property of another, or any act of dominion exerted over another's personal property, done without legal justification, depriving that person entitled to the property of its use and possession (see de Vries v. Brumback (1960) 53 Cal. 2d 643, 647, 2 Cal. Rptr. 764, 349, P.2d 532; Weiss v. Marcus (1975) 51 Cal. App. 3d 590, 599, 124 Cal. Rptr. 297).

   B. **Necessary Allegations.** In order to state a cause of action for conversion, the plaintiff must allege first, his or her ownership or right to possession of tangible property at the time of the conversion; second, the defendant's conversion of the property; and, third, damages (Franklin v. Municipal Court

(1972) 26 Cal. App. 3d 884, 902, 103 Cal. Rptr. 354).

    C. **General Allegations of Wrongful Conversion Sufficient.** A general allegation that defendant converted property to his or her own use is sufficient to state a good cause of action in the absence of a demurrer for uncertainty (see Haigler v. Donnelly (1941) 18 Cal. 2d 674, 681, 117 P.2d 331; Lowe v. Ozmun (1902) 137 Cal. 257, 260, 70 P. 87; Franklin v. Municipal Court (1972) 26 Cal. App. 3d 884, 902, 103 Cal. Rptr. 354).

2. PROPERTY CONVERTED BY DEFENDANT WAS THE PERSONAL PROPERTY OF PLAINTIFF CONSISTING OF ELECTRONIC EQUIPMENT VALUED AT $3,399 AND THEREFORE WAS PROPERTY SUBJECT TO CONVERSION.

    A. **Personal Property, Tangible or Intangible, Can Be Subject to Conversion.** Every species of personal property, both tangible and intangible and capable of being identified, can be subject to conversion (Payne v. Elliot (1880) 54 Cal. 339, 340-342).

3. PLAINTIFF IS OWNER AND HAS RIGHT TO IMMEDIATE POSSESSION OF THE PROPERTY CONVERTED AND THEREFORE HAS SUFFICIENT INTEREST IN THE PROPERTY TO MAINTAIN AN ACTION FOR CONVERSION.

    A. **Plaintiff Owned or Had Right to Immediate Possession of Property Converted.** In order to state a cause of action for conversion, the plaintiff must allege his or her ownership or right to possession of the property in question at the time of the alleged conversion (Franklin v. Municipal Court (1972) 26 Cal. App. 3d 884, 902, 103 Cal. Rptr. 354).

    B. **Plaintiff With Right to Immediate Possession Need Not Be in Actual Possession at Time of Conversion.** A plaintiff who has

```
1         the right to immediate possession of the property at the time
2         of the alleged conversion need not be in actual possession of
3         the property at the time to maintain an action for conversion
4         (see Franklin v. Municipal Court (1972) 26 Cal. App. 3d 884,
5         901-902, 103 Cal. Rptr. 354).
6    3.   THE PROPER MEASURE OF DAMAGES IN AN ACTION FOR CONVERSION OF
7         PERSONAL PROPERTY IS THE VALUE OF THE PROPERTY AT THE TIME OF
8         THE CONVERSION, PLUS INTEREST FROM THE TIME OF CONVERSION, OR
9         AN AMOUNT SUFFICIENT TO INDEMNIFY PLAINTIFF FOR THE NATURAL,
10        REASONABLE, AND PROXIMATE RESULT OF THE WRONGFUL ACT COMPLAINED
11        OF, AND WHICH A PROPER DEGREE OF PRUDENCE ON HIS OR HER PART WOULD
12        NOT HAVE AVERTED.
13        A.   **Measure of Damages for Conversion.** The detriment caused by
14             the wrongful conversion of personal property is presumed to be
15             the value of the property at the time of the conversion, plus
16             interest from the time of conversion, or an amount sufficient to
17             indemnify the party for the natural, reasonable, and proximate
18             result of the wrongful act complained of, and which a proper
19             degree of prudence on his or her part would not have averted
20             (see Civ. Code § 3336).
21        B.   **Cost of Property as Proof of Value.** Cost of goods is a
22             circumstance tending to show value, and that evidence may be
23             taken into consideration, along with other circumstances, when
24             determining the subsequent value of property converted in order
25             to establish the loss sustained (Wade v. Markwell & Co. (1953)
26             118 Cal. App. 2d 410, 431-432, 258 P.2d 497).
```

   C. **Prejudgment Interest Available.** If the measure of damages is an amount sufficient to indemnify the party for the loss suffered, prejudgment interest may be awarded pursuant to the general prejudgment interest authority of Civ. Code § 3287(a) (Moreno v. Greenwood Auto Ctr. (2001) 91 Cal. App. 4th 201, 210-211, 110 Cal. Rptr. 2d 177).

4. PLAINTIFF IS ENTITLED TO AN AWARD OF EMOTIONAL DISTRESS DAMAGES ARISING OUT OF DEFENDANT'S CONVERSION OF PERSONAL PROPERTY.

   A. **Emotional Distress Damages Recoverable.** A plaintiff is entitled to recover emotional distress damages growing out of a defendant's conversion of his or her personal property (Gonzales v. Personal Storage, Inc. (1997) 56 Cal. App. 4th 464, 477, 65 Cal. Rptr. 2d 473).

**ARGUMENTS**

1. AN INJUNCTION AGAINST DEFENDANTS SHOULD ISSUE BECAUSE IT IS LIEKLY THAT PLAINTIFF WILL PREVAIL ON THE MERITS OF HIS CLAIM.

In order to qualify for an injunction, the plaintiff must demonstrate that he is likely to succeed on the merits of his lawsuit and that he is likely to suffer greater harm from a failure to issue the injunction than the harm that would befall the defendant if the injunction is issued [O'Connell v. Superior Court (2006) 141 Cal. App. 4th 1452, 1467-1468, 47 Cal. Rptr. 3d 147; Teamsters Local 856 v. Priceless, LLC (2003) 112 Cal. App. 4th 1500, 1509-1510, 5 Cal. Rptr. 3d 847; White v. Davis (2002) 98 Cal. App. 4th 969, 981, 121 Cal. Rptr. 2d 51].

1     Plaintiff is likely to succeed on the merits of his action because

2     the defendant's action clearly violates California Penal Code §

3     484(a). Moreover, it is inconceivable that the defendant could

4     articulate any legally justifiable excuse for her actions. Since

5     plaintiff will surely succeed on his claim of a violation of

6     California Penal Code § 484(a), he is likely to succeed on his Civ.

7     Code § 3336 cause of action.

8   2.   AN INJUNCTION IS NECESSARY TO PREVENT CONTINUING AND IRREPARABLE

9     INJURY TO PLAINTIFF AND THE BALANCE OF HARDSHIPS FAVORS PLAINTIFF.

10     The continuing harm to the plaintiff, if an injunction does not

11     issue, is irreparable, in that he will continue to be deprived

12     of the use of his property. An injunction may be granted when it

13     appears by the verified petition and affidavits that the continuance

14     of some act during the litigation would produce irreparable injury

15     to a party in the action [Code Civ. Proc. § 526(a)(2)]. An order

16     granting an injunction is not fatally flawed because it contains

17     no explicit finding that the injunction is necessary to prevent

18     irreparable injury [Conover v. Hall (1974) 11 Cal. 3d 842, 850, 114

19     Cal. Rptr. 642, 523 P. 2d 682].

20     Under the "irreparable injury" standard, an injunction may issue

21     to prevent wrongs of repeated and continuing character ones that

22     cause damages estimable only by conjecture and not by any accurate

23     standard [Huong Que, Inc. v. Luu, 150 Cal. App. 4th 400, 417-418, 58

24     Cal. Rptr. 3d 527; People ex rel. Gow v. Mitchell Brothers' Santa

25     Ana Theater (1981) 118 Cal. App. 3d 863, 870-871, 173 Cal. Rptr. 476;

26     Wind v. Herbert (1960) 186 Cal. App. 2d 276, 285, 8 Cal. Rptr. 817].

By comparison, no harm will befall the defendant as a result of the proposed injunction. Thus, the balance of any hardships to be considered weighs substantially in favor of the plaintiff and the issuance of an injunction.

3. AN INJUNCTION IS NECESSARY TO AVOID MULTIPLICITY OF SUITS.

An injunction will issue when necessary to prevent a multiplicity of judicial proceedings [Code Civ. Proc. § 526(a)(6)]; particulary, in cases in which many claims that have not been adjudicated have been brought into equity to be the subject of a single trial and decree [Verdier v. Verdier (1962) 203 Cal. App. 2d 724, 735, 22 Cal. Rptr. 93].

### CONCLUSION

For the reasons stated above, the Plaintiff's petition for claim and deliver, compelling Respondent, Kathy Bickel, to surrender the claimed property, to which he is lawfully entitled, should be granted.

Petitioner: _____     Dated: 5-29-08