```
James Alan Bush
1745 De Marietta Avenue #3
San Jose, CA 95126
(408) 982-3272

Plaintiff in pro per
```

```
                                    FILED
                                    2008 JUN -4  A 10: 38

                                    RICHARD W. WIEKING
                                         CLERK
                                    U.S. DISTRICT COURT
                                    NO. DIST. OF CA. S.J.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush, ) | Case No.:  C 08-01354 (RS) JF |
| Petitioner, ) | MOTION FOR APPOINTMENT OF COUNSEL |
| v. ) | [TITLE 28 U.S.C.S. § 1915(d)] |
| Sunnyvale Department of Public Safety, et al., ) | |
| Respondents. ) | Judge Jeremy Fogel |

**MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner respectfully requests the Court to appoint counsel in his civil rights action, pursuant to Title 28 U.S.C.S. § 1915(d), and under the provisions of *in forma pauperis*.

Petitioner acknowledges that Courts are typically reluctant to appoint counsel in civil rights cases, due to the burden placed on

attorneys by nonremunerative and meritless filings by prisoners, etc.. And, he further recognizes that it is the Court's discretion to refuse to appoint counsel to avoid burdening a court-appointed attorney unnecessarily, and to protect law enforcement officials from meritless, malicious, and vindictive suits, and to avoid the expense to the public, which is implicit in the appointment of counsel; however, plaintiff's case presents exceptional circumstances[4,7] that warrant such an appointment.

The three factors most commonly considered when determining whether exceptional circumstances exist are 1) the complexity of the case, 2) the ability of the plaintiff to investigate the case, and 3) his ability to present the case at trial.

Plaintiff's case is complex, as defined by rule 3.400 of the California Rules of Court, in that:

- the case is a joinder of remedies;
- there are large number of separately represented parties;
- there will be extensive motion practice raising difficult or novel issues that will be time-consuming to resolve;
- there is a substantial amount of documentary evidence;
- there are a large number of witnesses;
- it requires coordination with related actions pending in the Superior Court of California, and in this Court; and,
- it will require substantial postjudgment judicial supervision.

The appointment of counsel would be a service to the petitioner, the defendants, and this Court, in that an experienced attorney could help sharpen the issues in the case, shape the examination of

witnesses, and thus shorten the trial.

Petitioner recognizes that he possesses no constitutional right to be represented by an attorney in a civil action, as he would in a criminal case, and that the involuntary appointment of counsel might be considered oppressive in complex cases; however, the case will be fee-producing, and, accordingly, not all counsel will consider an appointment in the case oppressiv, even if the likelihood of relief is doubtful[1].

The ability of the petitioner to adequately investigate some of the factual issues in a dispute is limited by the conflicting testimony of highly uncooperative witnesses and defendants. Examination and cross-examination by trained counsel should aid the Court in determining the truth where conflicting testimony is present.

Petitioner lacks the requisite capacity to present his own case because the laws to be applied, e.g., Constitutional and civil rights law, can be complex in police liability cases, and, the applicability of Title 42 U.S.C.S. § 1983 in some of the petitioner's allegations are unclear from a layman's perspective. The appointment of counsel will increase the probability of achieving justice between the parties, and will aid the Court where difficult legal issues are present, thereby decreasing the expenditure of judicial time and effort[2]. In Knighton v watkins (1980, CA5 Miss) 616 F2d 795, 29 FR Serv 2d 1535, reh den (CA5 Miss) 620 F2d 300, the Court reasoned that an attorney may serve both the Court and a plaintiff by eliminating frivolous issues and limiting evidence to relevant issues, thereby shortening trial time.

An indigent civil rights litigant's inability to retain counsel

independently is typical of *in forma pauperis* proceedings; however, petitioner acknowledges that, in actions seeking substantial damages, a plaintiff should be able to locate an attorney who would accept employment on a contingent fee basis. Without disputing the premise that counsel should not be appointed when a plaintiff can independently retain an attorney, the court, in Ulmer v Chancellor (1982, CA5 Miss) 691 F2d 209, recognized other factors that hinder a plaintiff's ability to retain independent counsel can be considered when exercising judicial discretion.

In Petitioner's case, this Court will find justification for an exception to the "substantial damages" rule under the circumstances specific to his case, because, in the past, efforts to obtain relief have resulted in serious reprisals against the petitioner and others for making allegations of wrongdoing on the part of local law enforcement agencies. As a result, none of the attorneys the petitioner has contacted so far would accept his case for fear of retaliation by defendants in his case, and by state courts and the bar association.

Because the petitioner has been arbitrarily deprived of his freedom and subjected to mental and physical abuse on a ongoing basis for two years, his ability to present his case is nominal.

Petitioner, having been deprived of every asset he formally owned, and being burdened with life-threatening and sometimes debilitating health issues, requires outside assistance in order to bring a balance of equities between the parties; particularly, the petitioner requires assistance in framing his allegations in terms of the statutes most favorable to his situation and rephrasing his allegations to bring them

within the ambit of constitutional protection.

In the interest of advancing the proper administration of justice, Petitioner requests that this Court appoint counsel to represent his case, as he has demonstrated that exceptional circumstances do exist, and, in particular, the defendants' ongoing and significant interference with his right to seek redress for grievances in a court of law.

Signed: _____     Dated: 6-3-08

## MEMORANDUM OF POINTS AND AUTHORITIES

1. In Ulmer v Chancellor (1982, CA5 Miss) 691 F2d 209, the court concluded that the members of the bar should not be denied the opportunity to assist the cause of justice under the authority of a court appointment and that it was not appropriate to presume that all members of the bar would feel imposed upon even if relief was doubtful. [69 ALR Fed 666 § 3(a)]

2. See, for example, Knighton v Watkins (1980, CA5 Miss) 616 F2d 795, 29 FR Serv 2d 1535, reh den (CA5 Miss) 620 F2d 300, infra § 5.

3. Circumstances warranted appointment of counsel for plaintiff former inmate in action under 42 U.S.C.A. § 1983 alleging improper counseling and treatment for AIDS while plaintiff was incarcerated, where plaintiff's poor health and marginal literacy, in context of case involving complex issues of proper treatment for terminal disease, required legal assistance in discovery and presentation of claim. [Hetzel v Swartz (1996, MD Pa) 917 F Supp 344]

4. In civil rights action under 42 U.S.C.A. § 1983, trial court properly

refused to appoint counsel for plaintiff-appellant who had been allowed to proceed *in forma pauperis* since district court is not required to appoint counsel unless case presents "exceptional circumstances"—and existence of those circumstances turns on type and complexity of case and abilities of individual bringing it—and in present action, although it was complex, issues involved had been briefed and analyzed in numerous cases, appellant had done credible job in presenting motions and filing supporting papers on behalf of his case, reviewing court was convinced that he could adequately develop facts and present case in further proceedings, and reviewing court could not say that evidence to be presented would consist primarily of conflicting testimony that would require assistance of counsel. Jackson v Dallas Police Dept. (1986, CA5 Tex) 811 F2d 260.

5. When considering motions for appointed counsel court should consider legal and factual merits of claim presented, degree of complexity of issues, and movents' apparent physical and intellectual abilities to prosecute action. Thus, in civil rights action under 42 U.S.C.A. § 1983 against sheriff and deputies, plaintiff's motion for appointment of counsel would be denied since pleadings revealed absence of colorable legal or factual merit to claims, court observed plaintiff to be physically fit and reasonably articulate in advancing claims, and plaintiff had manifested apparent lack of interest in prosecution of action over preceding six months. [Tyra v Harger (1984, ND Ind) 587 F Supp 1336]

6. When considering motions for appointed counsel, relevant precedent

provides that court should consider legal and factual merits of claim, degree of complexity of issues, and movant's apparent physical and intellectual abilities to prosecute action. [Lockert v Faulkner (1983, ND Ind) 574 F Supp 606]

7. Under 28 U.S.C.A. § 1915(d), it is abuse of discretion for trial court to decline to appoint counsel where case of indigent plaintiff presents exceptional circumstances. [Whisenant v Yuam (1984, CA4 NC) 739 F2d 160]

**ARGUMENTS**

I. THE COURT SHOULD EXERCISE ITS DISCRETION TO APPOINT COUNSEL

Assuming that a Petitioner has shown financial need, a district court may appoint counsel in a civil rights action under Title 28 U.S.C.S. § 1915 when the interests of justice so require.

Courts have often examined three elements in determining whether appointment of counsel is necessary: the likelihood of success on the merits, the complexity of the legal issues involved in the case, and the ability of the plaintiff to present the case in light of its complexity.

In light of the complicated issues involved in civil rights cases and Petitioner's inability to adequately present the case at bar, as well as Petitioner's likelihood of success on the merits, this Court should exercise its discretion to appoint counsel under Title 28 U.S.C.S. § 1915.

II. APPOINTMENT OF COUNSEL IS NECESSARY BECAUSE DISCOVERY IS IMPERATIVE

Some courts have recognized that, in certain circumstances, the

1  appointment of counsel is appropriate in civil rights cases;
2  particularly, if it is necessary for effective utilization of
3  discovery procedures.
4      The defendants have information and documents relevant to
5  Petitioner's case, which he has been unable to obtain by his own
6  efforts. Without the assistance of counsel, Petitioner will continue
7  to be unable to effectively pursue discovery and, as a result,
8  will not adequately present his claims. The aid of an attorney
9  is especially important in this case, given Petitioner's lack
10 of familiarity with the legal procedure involved in requesting
11 and obtaining discovery. Moreover, even if Petitioner were to
12 obtain documents in discovery, without the assistance of counsel,
13 Petitioner would not be capable of analyzing them to determine his
14 likelihood of being removed in the foreseeable future.
15 III. AN EVIDENTIARY OR MOTIONS HEARING MAY BE NECESSARY
16     If the Court is unable to exercise its discretion in favor of
17 the Petitioner based on the papers already filed in this matter,
18 Petitioner respectfully requests that the Court set a date for an
19 evidentiary or motions hearing for the petitioner to further plead
20 his case.

21
22 Signed: _____          Dated: 6-3-08
23
24
25
26