James Alan Bush
1745 De Marietta Avenue #3
San Jose, CA 95126
(408) 982-3272

Plaintiff in pro per

**FILED**

JUN 0 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush, | Case No.: C 08-01354 (RS) JF |
| Plaintiff, | PLAINTIFF'S DECLARATION IN OPPOSITION AND ARGUMENT AGAINST MOTION TO DISMISS FOR FAILURE TO PROSECUTE |
| v. | |
| Sunnyvale Department of Public Safety, et al., | [Fed. R. Civ. P. 41(b)] |
| Defendants. | Judge Jeremy Fogel |

**PLAINTIFF'S OPPOSITION AND ARGUMENT AGAINST MOTION TO DISMISS**

On May 23rd, 2008, the Court issued a Show Cause Order requiring Plaintiff, within ~~sixty~~ thirty (30) days of the date of this order, to show cause as to why his case should not be dismissed for failure to prosecute.

The Court contends that Plaintiff failed to appear on May 23rd,

PETITION                    PAGE 1                    C 08-01354 (RS) JF

1  2008, for a pretrial conference; however, plaintiff contends that he
2  arrived only 15 minutes late, only to find the courtroom empty.
3  Plaintiff asked the Clerk to verify with the courtroom that a
4  hearing was indeed scheduled. After doing so, the Clerk instructed the
5  Plaintiff to return to the courtroom for the pretrial hearing; however,
6  when he did return, the courtroom was still empty.
7  Plaintiff waited for approximately 20 minutes before a courtroom
8  secretary advised him that the pretrial conference would not be held,
9  and that he should, instead, attend the Show Cause Hearing scheduled on
10 June 27th, 2008.

## CASE BACKGROUND

13 Plaintiff filed his complaint on March 11th, 2008. At that time,
14 the pretrial conference was set for July 2nd, 2008; however, it was
15 subsequently rescheduled for May 23rd, 2008, a little more than two
16 months after the initial filing.
17 Plaintiff's application to proceed *in forma pauperis* has not been
18 reviewed, and, consequently, summons has not been issued. Plaintiff has
19 made numerous inquiries as to the reason, by phone and *in persona*, to
20 no avail. Plaintiff is unaware of other remedies available to him for
21 obtaining the status of his application—and his case, in general[10]—in
22 order to resolve outstanding matters such as this.

## ARGUMENTS

25 Plaintiff submits the following arguments against dismissal for
26 failure to prosecute:

I. THE COURT SHOULD ASSESS THE EFFICACY OF LESSER SANCTIONS

The trial court has discretion under Fed. R. Civ. P. 41(b) in dismissing an action for failure to comply with a court order, and, in particular, for failing to appear for a scheduled hearing[1]; however, the plaintiff asks the Court to consider less drastic alternatives before imposing dismissal as a sanction for failure to prosecute. Such alternatives may include, allowing additional time for a further amended complaint, or insisting that he associate experienced counsel[12,13].

Prior to the sanctioning of plaintiff for failure to appear at the pretrial conference, the Court has not yet considered a sanction less drastic than dismissal of this action. Because the sanction of dismissal is the most severe sanction that a court may apply[7], Plaintiff asks that, if dismissal must occur, that it be without prejudice. Plaintiff advises the Court that, even dismissal without prejudice will be overly harsh if the statute of limitations runs[8].

II. THERE IS NO INJURY OR PREJUDICE TO DEFENDANTS DUE TO DELAY IN TRIAL

Plaintiff's failure to prosecute has not resulted in any harm or prejudice to the defendants because there has not been a significant delay in the trial, which otherwise might prevent a defendant from obtaining witnesses and materials. Defendants' have not expended any considerable time, money or effort from repeated and unnecessary court appearances[6].

III. PLAINTIFF HAS NOT ESTABLISHED A HISTORY OF MISSED APPEARANCES

Plaintiff has no record of repeated continuances, or repeated refusals to set, or to meet, trial dates[5], nor is there any other

1  indication on record suggesting that plaintiff has been dilatory in
2  prosecuting his case or inclined to deliberately disobey any order of
3  the Court for the purpose of delay. Plaintiff's only infraction so far
4  is his failure to appear at a hearing on pretrial matters, which was
5  the first time it was noticed for disposition in this case[2].
6  IV. PLAINTIFF IS DILIGENT IN ACTIVELY PROSECUTING HIS CASE.
7  Dismissal for lack of diligence in prosecution should not issue,
8  because Plaintiff, in spite of diligent efforts, is receiving no
9  assistance in locating all of the defendants[3]. Plaintiff is actively
10 pushing his case toward trial, as reflected in the entries on the
11 docket. The record of activities, motions, and pleadings, substantiates
12 his claim that he is prosecuting his case in good faith[4].

### CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court allow him to continue prosecuting his case by setting a new pretrial conference hearing date (or by retaining the original date, set at the time of filing), review (and grant) his application to proceed in forma pauperis, and instruct the Clerk (and Marshall) to issue summons and complaint in this matter.

Signed: _____    Dated: 6-5-08

NO. DIST. OF CA.
U.S. DISTRICT COURT
RICHARD W. WIEKING CLERK

08 JUN -5 AM 8:31

RECEIVED

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2002). (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)). No one factor is dispositive. See Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994). Dismissal is "a harsh remedy to be utilized only in extreme situations." LeSane, 239 F.3d at 209 (internal quotation marks and citation omitted).

2. Meeker v Rizley (1963, CA10 Okla) 324 F2d 269 (while court could not excuse failure to appear for sufficiently noticed hearing, dismissal was abuse of discretion where merits of case warranted exception).

3. Colonial Drive-In Theatre, Inc. v Warner Bros. Pictures, Inc. (1959, CA2 NY) 262 F2d 856).

4. Rovner v Warner Bros. Pictures, Inc. (1962, DC Pa) 29 FRD 488 (active prosecution of a case can be expected to leave footprints on the docket).

5. Janousek v French (1961, CA8 SD) 287 F2d 616; Redac Project 6426, Inc. v Allstate Ins. Co. (1969, CA2 NY) 412 F2d 1043; Cooper Agency v United States (1971, DC SC) 327 F Supp 948.

6. Refior v Lansing Drop Forge Co. (1942, CA6 Mich) 124 F2d 440, cert den 316 US 671, 86 L Ed 1746, 62 S Ct 1047.

7. Durgin v Graham (1967, CA5 Fla) 372 F2d 130, cert den 388 US 919, 18 L Ed 2d 1365, 87 S Ct 2139.

8. Pond v Braniff Airways, Inc. (1972, CA5 Tex) 453 F2d 347.

9. O'Shea v Binswanger (1967, DC Md) 42 FRD 21.

10. Plaintiff is familiar with court proceedings; however, as a *pro se* litigant, he should not be held to the same standards as private

1  counsel [Vina v Hub Electric Co. (1973, CA7 Ill) 480 F2d 1139].
2  11. Fendler v. Westgate-California Corp., 527 F.2d 1168, 1170 (9th Cir.
3      1975)
4  12. Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th
5      Cir. 1981)
6  13. Plaintiff filed a motion for appointment of counsel, pursuant to
7      Title 28 U.S.C.S. § 1915(d), on June 5th, 2008, as he is experiencing
8      difficulty in obtaining counsel to represent him. Plaintiff faces
9      real exigency in the appointment of counsel, in that he has sole
10     responsibility for preparation of his case, which is quite complex[3].