```
James Alan Bush
1211 East Santa Clara Avenue #4
San Jose, CA 95116
(408) 982-3272

Plaintiff in pro per
```

**FILED**

2008 JUN 11   P 2: 25

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush, | Case No.: C 08-01354 (RS) JF |
| Petitioner, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR WRIT OF MANDATE TO COMPEL THE FEDERAL BUREAU OF INVESTIGATION TO PERFORM THEIR DUTY |
| v. | |
| Federal Bureau of Investigation, and AGENT DOES ONE to TEN, inclusive, | [Title 28 U.S.C.S. § 1361] |
| Respondents. | Judge Jeremy Fogel |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Petitioner, James Alan Bush, in support of his petition for writ of mandate, which seeks an order from this Court to compel the Federal Bureau of Investigation, Respondent, to perform their statutory duty owed the petitioner under Title 28 U.S.C.A. § 535, submits the following memorandum of points and authorities:

1. A. Relief in nature of mandamus under Title 28 U.S.C.S. § 1361 was appropriate in action against federal officials alleging failure to discharge their duty, since petitioners sought only to require federal officers to perform ministerial duty of complying with their own regulations. [Legal Aid Soc'y v Brennan (1979, CA9 Cal) 608 F2d 1319, 21 BNA FEP Cas 605, 21 CCH EPD ¶ 30443, cert den (1980) 447 US 921, 656 L Ed 2d 1112, 100 S Ct 3010, 22 BNA FEP Cas 1832, 23 CCH EPD ¶ 30977]

B. District Court had jurisdiction under 28 USCS § 1361 of third-party action who sought to compel federal officials to fulfill their affirmative duty under federal statutes; to extent that third-party petitioners alleged that respondent federal officers acted unconstitutionally and outside ambit of their statutory authority, and sought relief to correct such actions, suit was "in the nature of mandamus" so as to bring it within purview of § 1361. [Kelley v Metropolitan County Board of Education (1973, MD Tenn) 372 F Supp 528]

D. When complaint is predicated upon Mandamus Act (28 USCS § 1361), it is essential that petitioner allege and show that government owes him performance of legal duty "so plainly prescribed as to be free from doubt." [Naporano Metal & Iron Co. v Secretary of Labor (1976, CA3 NJ) 529 F2d 537, 41 ALR Fed 597; Commonwealth of Pennsylvania, By Sheppard v. National Ass'n of Flood Insurers (1975, CA3 Pa) 520 F2d 11, 20 FR Serv 2d 601]

E. A state law enforcement agency may be enjoined from committing constitutional violations where there is proof that officers within

1.     the agency have engaged in a persistent pattern of misconduct.
2.     [Thomas v. County of Los Angeles, 978 F.2d 504, 508-509 (9th Cir.
3.     1993)]
4. F.   The Supreme Court has repeatedly upheld the appropriateness of
5.     federal injunctive relief to combat a 'pattern' of illicit law
6.     enforcement behavior. [Pennsylvania v. Porter, 659 F.2d 306 (3rd Cir.
7.     1981)]