James Alan Bush
1211 East Santa Clara Avenue #4
San Jose, CA 95118
(408) 982-3272
theo_knock@yahoo.com

Plaintiff in pro per

RECEIVED
08 JUN 25 AM 7:45
RICHARD W. WIEKING CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

FILED
JUN 25 2008

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| James Alan Bush,<br><br>            Plaintiff,<br><br>   v.<br><br>Sunnyvale Department of Public Safety, et al.,<br><br>            Defendants. | Case No.:  C 08-01354 (RS) JF<br><br>NOTICE OF MOTION AND MOTION FOR ACCELERATED DISCOVERY<br><br>[Fed. R. Civ. P. Rules 7(b), 26(d)]<br><br>Magistrate Judge Richard Seeborg |

**NOTICE OF MOTION AND MOTION FOR ACCELERATED DISCOVERY**

TO ALL DEFENDANTS AND THEIR RESPECTIVE COUNSEL:

Please take notice that on Wednesday, June 25th, 2008, at 9:30 AM, or as soon thereafter as the parties may be heard, James Alan Bush, Plaintiff in the above-entitled matter, will move this Court, at the Robert F. Peckham Federal Building located at 280 South First Street,

NOTICE OF AND MOTION FOR ACCELERATED, PRE-CONFERENCE DISCOVERY      PAGE 1

Courtroom 3, 5th Floor, for an order permitting discovery in advance of the Rule 26(f) discovery conference, and, in particular, asking this Court to order the following within 10 days of issuance:

1. the name and, if known, the address and telephone number, of each individual likely to have discoverable information – along with the subject of that information – that you intend to use to support your defenses;

2. a copy – or a description by category and location – of all documents, electronically stored information, and tangible things in your possession, custody, or control, that you intend to use to support your defenses; and,

3. a response to plaintiff's interrogatories (attached).

This order is necessary to prevent further irreparable injury and harm to the plaintiff by enjoining Defendant, Kathy Bickel, from obstructing the due course of justice.

### GROUNDS FOR RELIEF

Defendant, Kathy Bickel, has interfered with the discovery of matters pertinent to Plaintiff's case by unlawfully detaining property belonging to plaintiff, which contains evidence to be used in trial.

This willful act by the defendant constitutes retaliation for the exercise of plaintiff's constitutional right to seek to redress grievances in court; and, unless the defendant is ordered to comply with her obligations under Rule 26(b)—in advance of the pretrial conference—plaintiff will be severely compromised in his ability to prosecute this action.

1     Given the unwillingness of the defendant to cooperate with the
2 plaintiff where required by the Federal Rules of Civil Procedure in the
3 past (see Exhibit "A" and "B"), plaintiff cannot afford to wait for the
4 Rule 26(f) conference, the full 30 days for the defendant to respond to
5 a request for mandatory disclosures or his interrogatories.

6

7     **PRE-MOTION ATTEMPTS TO RESOLVE DISPUTE**

8     Prior to bringing this motion, Plaintiff attempted to secure
9 voluntary production of the property in question and a response to his
10 requests for discovery, without the need for a motion and a court order.
11     Even though Plaintiff pointed out that complying with his requests
12 was critical to avoid prejudicing his case, the defendant refused
13 to agree to voluntary production (see attached Petition for Claim
14 and Delivery Against Respondent, Kathy Bickel, and its supporting
15 documents).

16
17 Petitioner: _____     Dated: 6-25-08
18

19     **MEMORANDUM OF POINTS AND AUTHORITIES**

20     *Court May Order Accelerated Completion of Discovery.* Under Fed R
21 Civ P 26(c)(1)(B), a court may set deadlines for completion of discovery.
22 For example, a court may order accelerated completion of discovery,
23 and further order that privileged documents inadvertently submitted
24 on accelerated time schedule do not operate to waive privilege [*see
25 Transamerica Computer Co. v. IBM Corp.* (9th Cir 1978) 573 F2d 646, 652].
26     *Party May Move to Shorten Time for Response.* If a party has been

NOTICE OF AND MOTION FOR ACCELERATED, PRE-CONFERENCE DISCOVERY    PAGE 3

1  refused a request to stipulate to shorten or extend the time to respond
2  to discovery demands, the party may move the court to modify the 30-day
3  deadline for response [Fed R Civ P 33(b)(2), 34(b)(2)(A), 36(a)(3)]. If an
4  extension of time to conduct discvoery is desired that extends bewyind
5  the discovery cutoff, a hearing on a motion, or trail, a party must
6  make a motion to extend the date, even if all parties stipulate to the
7  extension [Fed R Civ P 29(b)].

*Pay May Move to Alter General Rule Prohibiting Discovery Prior to Rule 26(f) Planning Meeting.* Normally, a party may not seek discovery from any source prior to the Fed R Civ P 26(f) planning meeting absent an agrteement between the parties or a court order [Fed R Civ P 26(d)]. If unable to secure a stipulation to expedite discovery, a party may thereafter move the court to order that certain discovery be expedited.

*Good Cause Based on Preliminary Injunction Standard.* It is possible that ghood cause may also be established based on the standard for issuing a preliminary injunction, though this standard has not been applied in a California federal court to date. This standard examines (1) irreparable injury in the absence of expedited discovery, (2) probably of success on the merits, (3) some connection between expedited discovery and avoidance of irreparable injury, and (4) whether irreparable injury to the moving party in absence of expedited discovery is greater than harm to non-moving party in allowing expedited discovery [Yokohama Tire Corp. v. Dealers Tire Supply, Inc. (D Ariz 2001) 202 FRD 612, 614].

NOTICE OF AND MOTION FOR ACCELERATED, PRE-CONFERENCE DISCOVERY      PAGE 4