```
James Alan Bush
1211 East Santa Clara Avenue #4
San Jose, CA 95118
(408) 217-8282

Petitioner in pro per
```

FILED
2008 JUN 26 P 2:00
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush,<br><br>            Petitioner,<br><br>v.<br><br>Valley Medical Center: Emergency Psychiatric Services,<br><br>            Respondent. | Case No.:  C 08-01354 (RS) JF<br><br>PLAINTIFF'S PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR REFUSAL TO PERMIT REVIEW OF PERSONAL RECORD<br><br>[Civ. Code §§ 1798.45, 1798.47]<br><br>Judge Jeremy Fogel |

**PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**

Petitioner brings this action pursuant to Civ. Code §§ 1798.45, 1798.47, for wrongful refusal of access to medical information and other violations of disclosure provisions, against Respondent, Valley Medical Center: Emergency Psychiatric Services, and, in particular, for refusing to comply with the petitioner's lawful request to inspect his medical

records, in violation of Civ. Code § 1798.55 and Civ. Code § 56.10.

Petitioner also brings this claim pursuant to Title 42 U.S.C.S. § 1985, for conspiracy to obstruct justice. Petitioner alleges that Respondent concealed, and continues to conceal, documentary evidence related to this matter, and a prior civil matter (Case No. C 07-0831), to prevent or hinder the petitioner's ability to seek redress for wrongs allegedly suffered by him (assault and battery, false imprisonment, etc.).

By their continued and unlawful refusal to provide Petitioner access to his medical records, Respondent, Valley Medical Center: Emergency Psychiatric Services, is impeding the due course of justice with the intent to deny the petitioner the equal protection of the laws, on account of him having attended a federal court in an action arising from the emergency psychiatric hospitalization of the petitioner at Valley Medical Center: Emergency Psychiatric Services, on August 12th, 2006, constituting retaliation under Welf. & Inst. Code § 4905(a) and a violation of the Fourteenth Amendment to the United States Constitution.

**RELIEF SOUGHT**

Petitioner seeks an order to permit the inspection of his medical records, pursuant to Civ. Code §§ 1798.46, 1798.47, and Code Civ. Proc. § 526.

Petitioner also asks this Court to award damages for wrongful refusal of access, pursuant to Civ. Code § 1798.48; and, for complications due to the failure of the respondent to disclose the requested records, pursuant to Title 42 U.S.C.S. §§ 1983, 1988.

Petitioner also seeks to prohibit the disclosure of his medical information to anyone, regardless of existing statutory authorization, unless authorized by this Court; and, petitioner seeks an order from this Court, directing that Petitioner's mental health certification be expunged, at least during the pendency of his claim for unlawful commitment.

## JURISDICTION

Jurisdiction is conferred upon this court pursuant to Title 28 U.S.C.A. § 1331, which authorizes original jurisdiction on the district court of all civil actions arising under the Constitution, laws and treaties of the United States.

Jurisdiction is also conferred upon this court pursuant to Title 28 U.S.C.A. § 1343(c)(4), which grants jurisdiction to the district court of any action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

Jurisdiction also exists pursuant to Title U.S.C.A. § 1367(a), which authorizes jurisdiction over state law claims that one so related to the other claims in this lawsuit that they form part of the same case and controversy.

## VENUE

Venue is proper pursuant to Title 28 U.S.C.A. § 1391(e), which authorizes that a civil action may be brought in a judicial district in which a substantial part of the vents or commissions giving rise to a civil rights claim. Petitioner resides in Santa Clara County.

## PARTIES

1. Petitioner is a natural person, and is, and at all times mentioned herein was, a resident of Santa Clara County, California. The agency records described herein are situated in Santa Clara County, California.

2. Respondent, Valley Medical Center: Emergency Psychiatric Services (herein described as "respondent agency"), is, and at all times mentioned herein was, a health facility licensed pursuant to Health & Safety Code §§ 1200 et seq., providing psychiatric services on an in-patient basis.

## FACTUAL ALLEGATIONS

3. Respondent maintains the following records, in which information concerning petitioner is contained, as records of the respondent agency: medical records regarding the mental and physical condition, and treatment, as defined by Civ. Code § 56.06, and any other records and information obtainable through mental health services, as defined by Welf. & Inst. Code §§ 5328, 5328.05, arising from the emergency psychiatric hospitalization of the petitioner at Valley Medical Center: Emergency Psychiatric Services, on August 12th, 2006.

4. Petitioner is informed and believes and alleges thereon that the above-described information concerning petitioner can be severed without undue difficulty from any personal information or any information concerning other persons that may be included in the same record.

5. On or about April 17th, 2007, Petitioner made a proper request for access to or copies of record(s) described above. Petitioner's request identified the records and information sought with sufficient specificity to permit these materials to be located and retrieved without undue difficulty. The aforementioned respondent refused for no apparent or justifiable cause and no proffered explanation, in violation of Business and Professions Code § 2225.5 of the Medical Practice Act. A copy of the authorization is attached hereto as Exhibit "A", respectively, and is made a part hereof.

6. On July 7th, 2007, Petitioner sought discovery of his medical records by subpoena for a civil matter brought before this Court (Case No. C 07-0831). A copy of the subpoena and the written response from the respondent is attached hereto as Exhibit "B", and is made a part hereof.

7. An actual controversy has arisen and now exists between petitioner and respondent resting to their respective rights and duties in that petitioner contends that the regulations cited by the respondent for refusing to comply with the subpoena are not applicable to the petitioner's circumstances, and/or are superseded by certain other provisions, to-wit:
   - Civ. Code § 1798.24(i) specifically allows disclosures made pursuant to a determination by the agency which maintains information that compelling circumstances exist which affect the health or safety of an individual;
   - Evidence Code § 1016 makes an exception to the psychotherapist-patient privilege for a communication relevant to an issue

concerning the mental or emotional condition of the patient if the issue has been tendered by the patient himself;

- Civ. Code § 1798.40(f) allows an agency to disclose personal information to the individual to whom the information pertains, if the information pertains to the physical or psychological condition of the individual, and disclosure would not be detrimental to the individual;

- Civ Code § 1798.24(k) allows disclosures pursuant to a subpoena, if, before disclosure, the agency reasonably attempts to notify the individual to whom the record pertains;

- Civ. Code § 56.10(b) requires disclosure of medical information by a health care provider, who is a party to a proceeding before a court pursuant to a subpoena, subpoena *duces tecum*, notice to appear served pursuant to Code Civ. Proc. § 1987, or any provision authorizing discovery before a court, and who is a patient pursuant to Health & Safety Code § 123100 et seq.; and,

- Records relating to mental health and development disabilities, pursuant to Welf. & Inst. Code Divisions 4, 4.1, 4.5, 5, 6, 7, are not subject to the disclosure limitations of the Confidentiality of Medical Information Act [Civ. Code § 56.30(a)-(f), (h), (i)].

Respondent disputes this contention and contends that these regulations and their application to the petitioner are invalid.

8. Petitioner desires a declaration of his rights with respect to the application or nonapplication of these regulations to him,

PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES    PAGE 11

   with particular reference as to the legality of withholding the requested records.
9. Such a declaration is necessary and appropriate at this time and under the circumstances in order that petitioner may ascertain his rights to medical information pertaining to him.
10. Respondent has refused to allow petitioner access to or provide petitioner with copies of the requested records or to the information concerning petitioner included in those records.
11. Petitioner has incurred $1,000 in reasonable attorney's fees in maintaining this action.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner prays judgment against Respondent as follows:
1. For an injunction ordering respondent to provide petitioner with access to, or copies of, the requested records, and on payment by petitioner of a reasonable fee, if any, covering the costs to respondent agency of providing such access or copies;
2. In the alternative, if any portions of the information concerning petitioner contained in the requested records is found to be personal or otherwise exempt from disclosure, an injunction ordering respondent to provide petitioner with access to, or copies of, all nonexempt portions of the records after exempt portions have been deleted and on payment by petitioner of a reasonable fee, if any, covering the cost to respondent agency of providing such access or copies;
3. That the Court declare the respective rights and duties of the

PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES    PAGE 12

petitioner and respondent under the regulation in question and that by its declaration and judgment the court declare that the regulation has no application to petitioner in this matter; or, that, if it does, it is unconstitutional, invalid, and void;

4. For a preliminary injunction, expunging the petitioner's certification during the pendency of this claim;

5. For a permanent injunction, enjoining respondent and their agents, servants, and employees, and all persons acting under, in concert with, or for them from disclosing petitioner's medical information (i.e., mental health records), pursuant to Code Civ. Proc. § 525;

6. For costs of actual damages sustained by the petitioner, including damages for mental suffering [Civ. Code § 1798.48(a)].

7. For the costs of the action together with reasonable attorney's fees as determined by the court [Civ. Code § 1798.48(b)].

8. For costs of suit herein incurred; and,

9. For such other and further relief as the court may deem proper.

Signed: _____    Dated: 6-28-06

**VERIFICATION**

I, James Alan Bush, am the petitioner in the above-entitled action. I have read the foregoing petition and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that, the foregoing is true and correct.

Signed: _____          Dated: 6-26-08