James Alan Bush
1211 East Santa Clara Avenue #4
San Jose, CA 95118
(408) 982-3272

Plaintiff in pro per

FILED

2008 JUN 26 P 2:00

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Alan Bush,<br><br>  Petitioner,<br><br>v.<br><br>Valley Medical Center: Emergency Psychiatric Services,<br><br>  Respondent. | Case No.: C 08-01354 (RS) JF<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR REFUSAL TO PERMIT REVIEW OF PERSONAL RECORD<br><br>Judge Jeremy Fogel |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Petitioner, James Alan Bush, in support of his petition for injunctive and declaratory relief and damages for refusal to permit review of his medical records, against Respondent, Valley Medical Center: Emergency Psychiatric Services, submits the following memorandum of points and authorities:

1  A.  An individual may bring a civil action against an agency whenever
2      the agency refuses to comply with an individual's lawful request to
3      inspect pursuant to Civ. Code § 1798.34(a) [Civ. Code § 1798.45(a)].
4      In any suit brought under Civ. Code § 1798.45(a) the court may enjoin
5      the agency from withholding the records and order the production
6      to the complainant of any records improperly withheld from the
7      complainant. The court is to determine the matter *de novo*, and may
8      examine the contents of any agency records in camera to determine
9      whether the records or any portion thereof may be withheld as being
10     exempt from the individual's right of access. The burden is on the
11     agency to sustain its action [Civ. Code § 1798.46(a)].
12 B.  Patient access to health records is generally governed by Health &
13     Safety Code § 123100 *et seq.*, and the Information Privacy Act [Civ.
14     Code §§ 1798.32, 1798.34. Exemptions to the Information Privacy Act
15     are stated in Civ. Code §§ 1798.40-1798.44.
16 C.  A provider of health care may also disclose medical information
17     relevant to a patient's condition, care, and treatment to a probate
18     court investigator in the course of any investigation required or
19     authorized in a conservatorship proceeding under Guardianship-
20     Conservatorship Law, as defined in Prob. Code § 1400, or to a
21     probate court investigator, probation officer, or domestic relations
22     investigator engaged in determining the need for an initial
23     guardianship or continuation of an existing guardianship [Civ. Code
24     § 56.10(c)(12)].
25 D.  A health care provider may disclose to a family member, another
26     relative, a domestic partner, or a close personal friend of the

       patient, or to any other person identified by the patient, medical information directly relevant to that person's involvement with the patient's care or payment related to the patient's care [Civ. Code § 56.1007(a)].

E.  If a patient requests it in writing, any entity that maintains medical information for any reason, must provide the patient, at no charge, with a copy of any medical profile, summary, or information maintained by the entity with respect to the patient [Civ. Code § 56.07(a)]. Patient records that are subject to inspection by the patient pursuant to Health & Safety Code § 123110 may not be disclosed. The health care provider may also charge a fee for the preparation of a summary of patient records.

F.  Although a health care provider has the discretion to decide whether to reveal information under Civ. Code § 56.16, this discretion must be exercised with prudence, circumspection, and tact, and health care providers should adopt standard policies and procedure to govern the release of information under this section [Colleen M. v. Fertility & Surgical Assocs. of Thousand Oaks (2005) 132 Cal. App. 4th 1466, 1475, 34 Cal. Rptr. 3d 439]. Moreover, evidence of the disclosure practices of other health care providers in the same field and recommendations by health care organizations may be used as proof on the issue of whether or not disclosed information was "general" and subject to being disclosed [Colleen M. v. Fertility & Surgical Assocs. of Thousand Oaks, *supra*].

G.  Local officials and employees are liable for violation of constitutional rights if either (1) the challenged constitutional

       rights were clearly established at time of challenged conduct and they knew or should have known of the rights and that their conduct violated the rights, or (2) they acted with malicious intent to deprive constitutional rights or cause other injuries. [Wood v. Strickland (1975) 420 U.S. 308, 321-322, 95 S. Ct. 992, 43 L. Ed. 2d 214]

H. Private individuals: A conspiracy by private individuals, not acting under color of state law, may be of such magnitude and effect as to work a deprivation of equal protection of the laws, or of equal privileges and immunities on the laws [Collins v. Hardyman (1951) 341 US 651, 663, 95 L ed 1253, 1260, 71 S Ct 937].

I. When petitioner in 42 U.S.C.S. § 1983 claim appears *in pro se*, court must construe pleadings liberally and afford petitioner benefit of any doubt; court must give *pro se* litigant leave to amend his complaint unless it is absolutely clear that deficiencies of complaint could not be cured by amendment, and give petitioner statement of complaint's deficiencies before dismissing case [Karim-Panai v. Los Angeles Police Dep't (9th Cir. 1988) 839 F.2d 621, 623; Eldridge v. Block (9th Cir. 1987) 832 F.2d 1132, 1135-1136]